MICHAEL STILLMAN, PROSECUTOR, v. THE JUDGES OF THE COURT OF COMMON PLEAS OF ESSEX COUNTY, DEFENDANTS.

Submitted June 2, 1927—Decided December 23, 1927.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Hopkins & Herr*.

For the defendants, *Irving M. Vanderhoff* (*McCarter & English* and *T. Bryant Smith,* of counsel).

PER CURIAM.

Louisa Reinhart, upon her petition, filed with the workmen's compensation bureau, was awarded compensation against the prosecutor of this writ of *certiorari,* Michael Stillman. This determination was affirmed by the Court of Common Pleas. By the present writ of *certiorari* the prosecutor seeks to reverse that judgment of affirmance upon the sole ground that the employment of Louisa Reinhart was a casual employment within the meaning of section 23c of the Workmen's Compensation act, as amended *Pamph. L.* 1919, *p.* 211.

The facts found by the commissioner are substantially as follows:

Mr. Stillman's wife was required to go to a hospital for an operation for appendicitis. Through one Mrs. Ryan, a friend, the Stillmans sought to obtain someone for a period to take care of the house in her absence, and finally, through the instrumentality of Mrs. Ryan, Mrs. Reinhart was engaged to work in household service of the Stillmans for two weeks at least, and for such further time as she should be required. Mrs. Reinhart had been accustomed to this sort of service, sometimes engaging for domestic work generally, and sometimes as a seamstress.

The contention of the respondent is that this was a casual employment and that therefore Mrs. Reinhart, after having been injured in such service during that period of two weeks, cannot recover.

This contention was rejected by the compensation bureau and by the Court of Common Pleas, and we think rightly. We think that the service was not casual. It was for a definite period of two weeks, with an uncertain and indefinite period added thereto. The petitioner was bound to continue in that work for such a period and would have been liable in damages if she had quit. The work to be done was of a regular character, being ordinary housework. The work was of a

kind usually done by petitioner, although not with strict regularity. For the period for which she was engaged, however, she was in every sense a regular servant in the household of the prosecutor within the requirements of the Workmen's Compensation act as amended in 1919, page 211.

The judgment brought up will be affirmed, with costs.