JOHN J. FORRESTER, RESPONDENT, v. THOMAS H. ECKERSON ET AL., APPELLANTS.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellants, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Kinkead & Klausner.*

The opinion of the court was delivered by

DONGES, J.  Plaintiff was employed, in 1924 or 1925, by Holland Butterine Company as a painter in its plant.  During his employment he was sent by executives of the company

on three or four occasions to do painting work at the homes of such executives. He was so engaged by the defendant, Eckerson, president of the company, at least once about a year before the occasion here involved. On these occasions he did painting and other service that might be regarded as incidental thereto, for which he was paid by the person for whose benefit the work was done. During the time of such engagement the Butterine Company stopped payment of his wages.

On October 3d, 1927, plaintiff was told by defendant-appellant, Thomas H. Eckerson, to go to his home to do some painting and some other jobs. He was told to take instructions from Mrs. Eckerson. He was paid each week at the rate of pay he was receiving from the company. On October 14th, Mrs. Eckerson instructed plaintiff to remove a screen from a skylight in the roof of the porch, and plaintiff testified she instructed him where he would find a ladder which he should use for the purpose. As plaintiff was attempting to remove the screen, the top rung of the ladder broke, causing him to drop against the next two rungs in turn, both of which broke, and he was thrown to the cement pavement below and injured. Plaintiff brought suit, alleging negligence of defendants, and had a verdict.

The only question raised by this appeal is whether the refusal of the trial judge to nonsuit and to direct a verdict for defendant, because plaintiff's employment was not casual under the Workmen's Compensation act, was error.

Section 23, subdivision C, of this act (as amended by chapter 93, laws of 1919), defines an employe entitled to the benefit of the act as follows:

"Employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

It will be noted that employment covered by this section has been divided into two classes: (1) that which is in connection with the employer's business, and (2) that which is not in connection with the employer's business. Appellants concede that the employment in the instant case falls within the second classification.

The question is, then, was plaintiff-respondent's work for the defendants-appellants regular, periodic or recurring?

The words, as used in this act, connote that employment is regular when it is steady and permanent for more than a single piece of work; recurring, when the work is to be performed at some future time by the same party, without further engagement; and periodic, when the work is to be performed at stated intervals, without further engagement.

In the case under consideration there is nothing to suggest regularity of employment, because upon completion of the particular job, plaintiff would return to his usual and regular employment with the Butterine Company, nor is there any testimony that it was in contemplation that he should return to defendant's home at any time, either fixed or indefinite, to do any work. If other work was ever to be done, a new employment would be entered into. The employment, therefore, was casual.

In our opinion, the trial court correctly disposed of the motion to nonsuit and to direct a verdict for defendants. The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.