AUGUSTA H. CANTWELL, RESPONDENT, v. GEORGE DELANEY AND SADIE DELANEY, PROSECUTORS.

Submitted October 16, 1931—Decided May 18, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *William F. Delaney*.

For the respondent, *Simon Englander*.

PER CURIAM.

Augusta H. Cantwell filed her petition with the workmen's compensation bureau and was awarded compensation against George Delaney and Sadie Delaney, who now prosecute this writ on *certiorari* to review the affirmation of such determination by the Court of Common Pleas of Essex County.

The facts found by the commissioner and the Court of Common Pleas are in effect as follows:

Mrs. Delaney was about to be confined in the birth of a child; Mrs. Cantwell was engaged as a practical nurse to at-

tend the mother and child and to do washing, cooking and general housework for a period of three weeks and such further time as her services might be required. She became a member of the prosecutor's household and performed the duties assigned to her. She was injured by accident in the performance of such duties, which fact is not seriously disputed.

The prosecutors urge that respondent was not an employe within the meaning of subdivision (c) of paragraph 23 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 144, as amended *Pamph. L.* 1919, *p.* 211); that her service was casual; and that, having been injured during the period of three weeks alleged to be the limit of her employment, there can be no recovery by her.

The prosecutors raise four points: (1) petitioner was an independent contractor; (2) petitioner's employment was casual; (3) the award was excessive; (4) the Common Pleas Court failed to hear, review and determine the case *de novo*.

As to the employment of petitioner, we conclude that the compensation bureau and the Court of Common Pleas rightly held that it was within the compensation act, and that it was not casual. The proofs reasonably show that it was for at least three weeks and such further indefinite period as her services might be required. The work was of such a character as to constitute her a regular employe in the household of prosecutors. *Stillman* v. *Judges of Court of Common Pleas of Essex County,* 6 *N. J. Mis. R.* 6; 139 *Atl. Rep.* 705.

Our reading of the testimony persuades us that the amount awarded as compensation for temporary and permanent disability was reasonably supported by the testimony and should not be disturbed.

The contention that the court of Common Pleas did not consider the evidence and reach an independent conclusion there is not supported by the determination and rule for judgment of the Common Pleas. The contrary appears to be the fact.

The judgment under review will be affirmed, with costs.