MARY JASNIG, PETITIONER-DEFENDANT, v. CHARLES A. WINTER, EXECUTOR, ETC., OF WOLFGANG MARIE WINTER, DECEASED, RESPONDENT-PROSECUTOR.

Argued May 9, 1935—Decided July 22, 1935.

Before Justices Parker, Case and Bodine.

For the prosecutor, *Arthur F. Mead.*

For the defendant-petitioner, *Frank Pascarella.*

The opinion of the court was delivered by

Parker, J.   The deceased was a married woman, who employed petitioner as a dressmaker to come to her house and work there at a stated daily wage, together with board and lodging, when the work to be done remained incomplete at the close of the day.   That was the situation on the afternoon of February 29th, 1932; and after the evening meal and a suitable time thereafter, petitioner went to bed.   In the small hours of March 1st, she found it necessary to visit the bathroom, on the same floor at the farther end of the hall, which was unlighted, and while making her way thither in the dark, she fell down the stairs and was severely injured. She filed a petition under the Workmen's Compensation act, and the bureau awarded compensation.   On appeal, the Court of Common Pleas affirmed; whereupon, the present writ was allowed.

The first point made is that petitioner was an independent contractor.   We do not think so.   She was working by the day, in the presence of her employer much of the time and under the supervision and direction of the latter all the time. The employer furnished the materials.   Petitioner was paid by the day and presumably hired by the day.   She was to finish the particular dress on which she was working, the next day, and was then to start another.   She had worked for Mrs. Winter some time previously, and had stayed over the nights of the 18th, 19th and 20th.   The employment was in, and not out of, her regular line, as in *Forrester* v. *Eckerson,* 107 *N. J. L.* 156.   We think she was within the protection of the act as an employe.

The next point is that she was a casual employe. But under the test laid down in *Forrester* v. *Eckerson, supra,* her employment was regular, being "steady and permanent for more than a single piece of work."

The third point is that the *accident* did not arise out of and in the course of the employment. This point we think is also not well taken. On the theory, properly supported by the evidence, and adopted as a fact both in the bureau and in the pleas, that the employment involved remaining over night, the occurrence of a call of nature was necessarily involved (see *Zabriskie* v. *Erie Railroad Co.,* 86 *N. J. L.* 266) and the accident arising out of that—which might conceivably be charged to negligence of the employer, though this is not material here—was properly found to have arisen both out of, and in the course of the employment. *Giliotti* v. *Hoffman Catering Co.,* 246 *N. Y.* 279.

The fourth and last point is that the finding rests on illegal evidence, in that to some extent that evidence related to transactions with a deceased party. Suffice it to say that most, if not all, of such evidence was excluded by the commissioner, and that there still remained sufficient legal evidence to sustain his findings. It may be well to add that we are not referred by the brief to any specific piece of testimony which is challenged as injuriously erroneous.

The judgment of the Common Pleas is affirmed.