NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANTONIO PERRONI, PETITIONER, v. PETER FARLEY, RESPONDENT.

Decided January 7, 1936.

For the petitioner, *Chazin & Chazin.*

For the respondent, *John J. Fallon.*

\*      \*      \*      \*      \*      \*      \*

The attorneys for the respective parties prayed leave to submit briefs in behalf of the respective parties, petitioner and respondent, which prayer was granted, and such briefs having been duly filed, and the referee aforesaid having been duly granted by the commissioner of labor additional time within which to determine said matter.

\*      \*      \*      \*      \*      \*      \*

2. The proofs manifest that on the evening of May 1st, 1934, the respondent made an arrangement with the petitioner whereby the petitioner on the morning of the following day, May 2d, 1934, became an employe of the respondent, as a laborer, to assist certain contractors whom the respondent had previously engaged to make certain alterations to premises known as No. 1299-a Paterson Plank road, Secaucus, New Jersey; that the work which said petitioner was engaged to perform was to assist as laborer the aforesaid contractors in the removal of flooring of the store floor of said premises, and to render assistance in the breaking and removal of concrete steps which were in front of said store premises, and carrying materials such as lumber, brick and cement to and from the premises which were being altered by said contractors; that said petitioner was employed at the rate of fifty cents per hour, or $4 per day for eight hours per day; that in the engagement by the respondent of said petitioner for the rendition of services as laborer aforesaid there was no agreement between said parties as to the length of time that said petitioner was to work on the job which he had been employed to work upon, and that the respondent was privileged to discharge said petitioner from said employment at any time and without notice, and that the petitioner was privileged to cease working for said respondent at any time and without notice, and that such employment was only for the one particular job of assisting as laborer aforesaid in alteration aforesaid.

\*      \*      \*      \*      \*      \*      \*

4. The proofs manifest that the petitioner was one accustomed to engage himself as a laborer for or with anyone who would employ him in such respect.

5. The proofs manifest that the petitioner was in the

employ of the respondent as laborer aforesaid for a period of approximately two and one-half days, that is from Wednesday, May 2d, 1934, to Friday, May 4th, 1934. The petitioner, by his petition, set forth that on the second day of his employment with the respondent as laborer aforesaid, to wit, on May 3d, 1934, at about two o'clock P. M., while engaged in the breaking of concrete steps, and in the use of an eighteen-pound sledge hammer in the doing of said work, he felt a snap and sharp pain in his back. The proofs manifest that petitioner made no complaint thereof to the respondent or to any other person at the time of such alleged happening, and that he continued in the performance of his usual work as laborer throughout the remainder of said day, without complaint, and that he resumed his work as laborer on the following day, May 4th, 1934, and continued in the performance of such work throughout said day until such time as the respondent considered that he was no longer in need of the petitioner's services, when his services were dispensed with. The proofs manifest that the petitioner did not at any time make known to respondent, or to anyone in respondent's behalf, nor did he make known to any of his fellow employes up to the time when he ceased to be an employe of the respondent that he met with a mishap such as alleged in his petition, or was in anywise hurt or injured during the course of his employment with the respondent, as laborer aforesaid. The proofs manifest that said petitioner did not at any time give any notice to, or in anywise make known to, respondent that he had suffered any mishap, hurt or injury while employed by the respondent as laborer aforesaid prior to the latter part of September, 1934, at which time Mr. Chazin, as attorney for the petitioner, made known to said respondent, by telephone conversation with the latter, that said petitioner claimed to have met with the mishap, mention whereof is made in the petitioner's petition which was filed November 1st, 1934, and the proofs disclose that the respondent, when informed thereof by said Mr. Chazin, denied that said petitioner had met with any mishap, hurt or injury while in the employ of said respondent on May 3d, 1934, or at any other time within the period of three days he was employed as laborer by said respondent.

6. The proofs manifest that the only semblance of notice alleged to have been given to the respondent, in the petitioner's behalf, of the alleged happening to the petitioner on May 3d, 1934, was such as testified to herein by the petitioner's son, Antonio Perroni, Jr., who stated that on a Saturday morning in the early part of May, 1934, he visited the scene of the alteration work which had been carried on at No. 1299-a Paterson Plank road, Secaucus, New Jersey, at which time he talked to the respondent and said his father was unable to go to work, and that he further testified, "I said it was while he was working on the job breaking concrete steps he was hurt." Such alleged conversation the respondent denied. There was no testimony submitted to corroborate the aforesaid statement by Mr. Perroni, Jr., to the respondent. Such is the full extent of *notice* as manifested by the proofs, prior to the communication aforesaid between the petitioner's attorney, Mr. Chazin, and the respondent in the latter part of September, 1934.

I do hereby further find and determine in the matter *sub judice* three questions were submitted to me for my consideration and determination—

(1) Casual employment.

(2) Accident, if any.

(3) Notice of such accident within statutory period. My conclusions with regard thereto are as follows:

(1) That the employment of the petitioner by the respondent was casual within the purview of section 23, subdivision (c) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3885, § **236-32, *subd.* 23(c), of the statutory enactment aforesaid, which defines "casual" and divides same into two classes: (1) That which is in connection with employer's business; (2) that which is not in connection with employer's business. I do further find and determine that the petitioner's employment by and with the respondent as manifested by the proofs herein was neither regular, periodic or recurring, and therefore must be classified as "casual." In *Forrester* v. *Eckerson,* 107 *N. J. L.* 156; 151 *Atl. Rep.* 639, the court defines "regular." "periodic" and "recurring" as follows:

"The words, as used in this act, connote that employment is regular when it is steady and permanent for more than a

single piece of work; recurring, when the work is to be performed at some future time by the same party, without further engagement; and periodic, when the work is to be performed at stated intervals, without further engagement.

"In the case under consideration there is nothing to suggest regularity of employment, because upon completion of the particular job, plaintiff would return to his usual and regular employment with the Butterine Company, nor is there any testimony that it was in contemplation that he should return to defendant's home at any time, either fixed or indefinite, to do any work. If other work was ever to be done, a new employment would be entered into. The employment, therefore, was casual."

The above cited case, and the rule of law and the facts stated in the aforesaid quotation therefrom, is, in my judgment, applicable to the case *sub judice*.

The petitioner's petition is therefore dismissed.

Notwithstanding my finding and determination that by reason of the fact that the employment of the petitioner with the respondent, was casual, and by reason thereof the workmen's compensation bureau is without jurisdiction in the premises, I deem it appropriate to hereby make known that my consideration of the testimony and proofs in the case warrants me in finding and determining, and I therefore do hereby find and determine, upon the proofs herein, that the petitioner has failed to prove—(1) the happening of the alleged accident whereby the petitioner claims to have suffered an injury arising out of and in the course of his employment, casual though it be; and (2) that the petitioner has failed to prove the giving of statutory notice of the alleged happening of May 3d, 1934; and (3) that the proofs fail to show that the respondent had any notice whatever of the alleged happening to the petitioner on May 3d, 1934, prior to the telephone message communicated to him in the latter part of September, 1934, by the petitioner's attorney as mentioned hereinabove.

It is, therefore, ordered that the petitioner's aforesaid petition be and is hereby dismissed.

JOHN C. WEGNER,
*Referee.*