EMIL BLANAR, RESPONDENT-APPELLANT, v. ALEX GOLD-STEIN, T/A LAMBERT TEXTILE PRINTING CO., AND/OR MAURICE GOLDSTEIN, ADMINISTRATOR OF THE ESTATE OF ALEX GOLDSTEIN, AND ST. PAUL MER-CURY INDEMNITY CO., PROSECUTORS-APPELLEES.

Submitted February 16, 1940—Decided April 25, 1940.

For the respondent-appellant, *Nathan Rabinowitz* and *Nathan Robins, (Isadore Rabinowitz).*

For the prosecutors-appellees, *Harvey G. Stevenson.*

The opinion of the court was delivered by

WOLFSKEIL, J. The appeal in this case is from a decision of the Supreme Court, which reversed an award made by the Workmen's Compensation Bureau for injuries sustained by appellant. The point in controversy is whether the accident which occasioned the injuries took place in the course of appellant's employment. This needs to be determined from the factual situation, concerning which there is virtually no dispute, the issue being the legal deduction to be drawn from the facts.

The proofs show that appellant was in the employ of Alex Goldstein, who conducted his business under the name of Lambert Textile Printing Co. Appellant performed such jobs that might be assigned to him about the plant, being regarded as a "handy man," and also on occasion drove Goldstein to places in the latter's automobile being paid for the driving separately by Goldstein, instead of through company disbursement. The appellant was occupied about the plant for specified hours during the day, drawing his pay for that work through funds of the company.

On July 15th, 1938, Goldstein told appellant that he wished him to "punch out" at twelve o'clock, to go home and get dressed and then to drive him to Saratoga. The "punching out" indicated on the time clock the moment of discontinuance of work at the plant. Appellant did as he was directed and returned to the plant at three o'clock prepared for the trip. He says that Goldstein promised to pay him $7 for the driving. They left in the employer's personal automobile. Appellant had a relative living in the vicinity of Saratoga and when that point was reached he left the car and Goldstein continued on to Saratoga. The return journey was made on

the following Monday. On the way home there was a collision at a highway intersection and Goldstein was killed. The appellant was severely injured, remaining unconscious for thirty hours.

Upon presentation of a claim for compensation because of his injuries, the Workmen's Compensation Bureau, through the deputy commissioner, adjudged that the accident arose out of and in the course of appellant's employment with the Lambert Textile Printing Co. This finding was reversed by the Supreme Court, which reached the opposite conclusion and held that the petitioner at the time of the accident was on no business of the company, so that the injuries sustained by him did not arise out of and in the course of his employment, as the trip had nothing to do with the textile business conducted by Goldstein.

We are of the opinion that such a view overlooks the dispositive factor of the singleness of identity between Goldstein individually and Lambert Textile Printing Co. The evidence showed that Lambert Textile Printing Co. was a trade name under which Goldstein conducted his business. It was not a corporation nor partnership, nor any other form of separate entity, serving purely as a medium through which Goldstein chose to act in that regard. Were it possible to have disassociated Goldstein from connection with Lambert Textile Printing Co., there would have been nothing left to the latter except a name.

· Lambert Textile Printing Co. was a conduit through which the acts of Goldstein flowed, a title which he chose to assume. Anything Lambert Textile Printing Co. did was merely what Goldstein in that guise did, and was in substance his individual act. The risk is incidental to the employment when it is connected with what the employe is called upon to do in order to fulfill his contract of hire. *Bird* v. *Lake Hopatcong Country Club,* 119 *N. J. L.* 415.

It follows, therefore, that being an employe of Lambert Textile Printing Co., or employe of Goldstein, presented no distinction, but an alternative designation for the same thing.

It is contended by respondent that the differentiation in method of payment supplies a distinguishing feature, and

that since appellant was paid through funds of Lambert Textile Printing Co. for his work at the plant and paid separately by Goldstein for personal services in driving the automobile, this negatives any conclusion that the driving was part of his regular employment. However, since the employer was Goldstein, the company being merely a characterization for a phase of his activities, the method of disbursement only indicated the form of bookkeeping or accounting which he selected for his various operations. The directions and orders remained his, regardless of the manner in which he divided his funds to meet expenditures.

The evidence is definite that appellant was in the employ of Goldstein, serving him in the printing plant, which was the possession and activity of Goldstein, and serving him also as occasional driver. Since appellant on the occasion of the accident was performing work that constituted part of the duties of his employment, the accident necessarily arose out of and in the course of his employment, and was compensable.

As to the Indemnity Company, the same counsel represented that company as well as the personal representative of the deceased Goldstein throughout the proceeding. The policy was not put in evidence, and there was consequently no evidence to show any limitation of the coverage to Goldstein's textile business.

The decision of the Supreme Court is accordingly reversed.

*For affirmance*—None.

*For reversal*—PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.