NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARY F. GRAY, PETITIONER, v. HERBERT GREENWOOD AND FRANCES GREENWOOD AND GLOBE INDEMNITY CO., RESPONDENTS.

Decided July 8, 1941.

For the petitioner, *David Roskein.*

For the respondent, *A. Lionel Reid.*

\*       \*       \*       \*       \*       \*       \*

From the evidence adduced and stipulation of counsel it clearly appears that the petitioner, Mary F. Gray, on January 12th, 1940, was 65 years of age and had followed the occupation of a seamstress for over 35 years. It also appears that prior to the accident, she had been hired from time to time by the respondents to work as a seamstress which entailed mending, general alterations and repair work to the clothing of Mrs. Greenwood and her daughter. For this work she was paid by the day and all the necessary materials and supplies were furnished by the respondent. Moreover, she was always directed and instructed by Mrs. Greenwood as to the manner in which the work was to be performed. Although this work was usually performed at the petitioner's home, the evidence discloses that on several occasions in the past Mrs. Gray had been instructed to and did go to the home of the respondent to perform her duties, because of the volume of accumulated work. The petitioner had not only worked as a seamstress for the present respondent since her marriage, but also had been engaged as the family seamstress for the respondent's mother for a number of years prior thereto, during which time the respondent was a member of the household.

Several days prior to January 12th, 1940, the respondent Mrs. Greenwood phoned the petitioner and requested that she come to the respondent's home in Maplewood, New Jersey, where she had a considerable amount of mending, alteration and seamstress work to be performed. The testimony is undisputed that the respondent agreed to pay the petitioner the sum of $4 per day for this work which sum included the petitioner's cost of transportation from Newark, New Jersey, where she lived, to the home of the respondent in Maplewood. In fact the respondent arranged to meet the petitioner that morning at the train station in Maplewood from which point she was to transport her to the respondent's home. On the date of the accident, in accordance with the foregoing arrangements, the petitioner proceeded by train from Newark to Maplewood where she was met at the station by the respondent with an automobile. The streets were covered with ice and snow and were admittedly slippery with footing precarious. The petitioner was thus driven by the respondent to her home,

and, because of the icy condition of the driveway, the car was parked at a point in the street immediately adjacent to the respondent's residence. The petitioner stepped out of the car, took a few steps toward the house and slipped and fell on the grass plot adjacent to the curb sustaining the injuries upon which this claim is predicated. From the foregoing facts, which appear to be uncontroverted, I am called upon to determine whether or not the petitioner met with an accident which arose out of and in the course of her employment with the respondent.

I am constrained to find that she suffered a compensable accident on the morning of January 12th, 1940. The petitioner's employment by the respondent as a seamstress by the day on occasions in the past is undisputed. True she was only called upon to render these services as the needs of Mrs. Greenwood required, but the evidence clearly justifies the conclusion that there was an expectancy on the part of both the employer and employe that the service, though in broken periods, would be continued in the future. The employment of the petitioner on the day in question was neither by chance or accidental. In my opinion it was a recurring employment not disimilar to that rendered by a part time servant. *Harrington* v. *Garrison*, 11 *N. J. Mis. R.* 754. Clearly she was not a casual employe since her employment was regular in the sense that it was steady and permanent for more than a single piece of work. *Jasnig* v. *Winter*, 115 *N. J. L.* 320; 179 *Atl. Rep.* 844.

Nor can it be said that she was an independent contractor. The evidence without dispute discloses that in the performance of her work as a seamstress, she was furnished with all necessary materials and supplies and performed her work under the instruction and direction of the respondent. The petitioner was paid by the day and unquestionably hired by the day. There was no one specific piece of work that she was to do, she was required to do all mending, sewing and alteration work which the respondent required of her to do. This employment was in and not out of her regular line of work. She is clearly within the protection of the Workmen's Compensation Act as an employe. *Jasnig* v. *Winter, supra.*

The testimony is free from dispute that the wage of $4 per day which the petitioner was to receive for her work on January 12th, 1940, included the cost of her transportation from her home in Newark to that of the respondent in Maplewood. The further uncontroverted fact that she was met at the station in Maplewood by the respondent with her automobile and thus driven to her place of employment, in accordance with the pre-arranged plan of the parties, clearly indicates that the respondent had undertaken and assumed to provide and furnish the transportation of the employe to the place where the service was to be performed. Thus the petitioner had already entered and was within the scope of her employment with the respondent when the accident occurred. An accident which occurs while an employe is being transported by means furnished by the respondent to the place where the work is to be done, is one which arises out of and in the course of the employment. *Rubeo* v. *McMullen Co.*, 117 *N. J. L.* 574; 189 *Atl. Rep.* 662; *affirmed*, 118 *N. J. L.* 530; 193 *Atl. Rep.* 797; 120 *N. J. L.* 184; 198 *Atl. Rep.* 843.

Accordingly, I find and determine that the petitioner on January 12th, 1940, was an employe of the respondent as a seamstress for which work she was to be paid the sum of $4 per day, and on the morning in question she met with an accident that arose out of and in the course of her employment and that she suffered injuries and disability by reason thereof.

\*  \*  \*  \*  \*  \*  \*

JOHN C. WEGNER,
*Deputy Commissioner.*