MARY F. GRAY, PETITIONER-PROSECUTRIX, v. HERBERT GREENWOOD AND FRANCES GREENWOOD AND GLOBE INDEMNITY CO., RESPONDENTS-DEFENDANTS.

Argued October 7, 1942—Decided March 8, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the petitioner-prosecutrix, *David Roskein* (*Harry Cohn,* of counsel).

For the respondents-defendants, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is a compensation case. Petitioner was allowed compensation in the Bureau. The Pleas, on appeal, reversed. The case is before us on writ of *certiorari* allowed to review the judgment of the Pleas reversing the award of the Bureau.

The petitioner, a seamstress with thirty-five years experience, had worked on and off for the respondent Mrs. Greenwood for many years, originally as a dressmaker, but latterly,

as a seamstress repairing and altering dresses, and the like, for the respondent and her daughter. She worked by the day and was compensated at the rate of $4 for each day. The work was done, sometimes at her own home, other times at the home of the respondent, depending on the character of the work.

On January 12th, 1940, petitioner journeyed from Newark by train to Maplewood, where respondent lived. The respondent met her at the station, by arrangement, and took her to the Greenwood home by automobile. The weather had been inclement, the streets covered with ice. The respondent, being unable to drive the automobile into the driveway at her home, discharged the petitioner at the curb and on the way to the house the petitioner slipped on the ice, fell and was injured.

There was testimony in the case, admitted without challenge or dispute, that the petitioner was not the only person who did seamstress work for the respondent. The petitioner herself, in answer to a question: "* * * What took place on January 12th?" replied: "Why she [respondent] called me up * * * and asked me to come in Friday to do this work * * *. I found out afterwards that she had a seamstress come in to do the work such as it was at the house but for some reason or other she [respondent] did not bring that type of work to me because of my former line of work. I don't know whether the lady who was doing this work disappointed her or what the real situation was, whether she was ill or what it was but anyhow Mrs. Greenwood asked me if I would come and do it for her."

The issue in this case is whether the employment was of the character for which compensation is provided in the event of injury by accident arising out of and in the course of the employment. The contention of the employer is that the employment was casual and that the injury was not compensable. The terms "employer" and "employee" are defined by our statute. Those definitions state that "employee" is synonymous with servant and includes all natural persons who perform service for another for financial consideration "exclusive of casual employments, which shall be defined, if

in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring." *N. J. S. A.* 34:15-36. On this issue therefore—whether the petitioner's status was that of a casual employee—it is manifest that she was not engaged in connection with the employer's business. .That being so, it was essential, if we are to hold that she was not a casual employee, that the employment be regular, periodic or recurring.

The testimony indicated that the task for which petitioner was hired on January 12th, 1940, was the alteration and mending of garments which had accumulated since October, 1939. Prior to the instant engagement service had been performed by petitioner at the respondent's home on three occasions in the year 1938 (once in August and twice in December) and at petitioner's own house on March 25th, 1938, and on four occasions between December, 1938, and January 12th, 1940, the day of the accident. On these facts we do not think the petitioner, on her own testimony, has made herself out to be a regular employee as was the case of the petitioner in *Jasnig* v. *Winter,* 115 *N. J. L.* 320; 179 *Atl. Rep.* 844; *affirmed,* 116 *N. J. L.* 181; 182 *Atl. Rep.* 842. We rather think that she must be found to have been a casual employee, that is, a person engaged in a task not connected with the business of the employer, whose employment was not regular, periodic or recurring. Compare *Forrester* v. *Eckerson,* 107 *N. J. L.* 156; *Clausen* v. *Dinnebeil,* 125 *Id.* 223. Her service was not periodic, *i. e.,* arising at stated times, nor was it recurring, *i. e.,* a matter of regular employment at intervals. Just what the line of demarcation is, it is difficult to say. We interpret the petitioner's own statement of her employment to mean that she was called in to do the work of a seamstress because the person who had been doing it had "disappointed" the employer, because of illness or for some other reason. We think that the employment was casual in the statutory sense.

This conclusion results in an affirmance of the judgment in the Pleas and a dismissal of the writ.