New Jersey Department of Labor,
Workmen's Compensation Bureau.

LOTTIE WILLIAMS, PETITIONER, v. LESLIE M. JACOBS ET AL., RESPONDENTS.

Decided April 6, 1943.

For the petitioner, *Harry Edelson.*

For the respondent, *Proctor & Nary* (*Thomas D. Nary,* of counsel).

Petitioner testified in her own behalf that she had on several occasions taken care of a small child of respondent during the evenings when respondents were away from home and was paid fifty cents for her services on each occasion. She further stated that there was no understanding between her and respondents as to when such services might be required but that they came for her whenever they might desire her and that on the final occasion when she suffered injuries herein sued for she did not know if they would ever re-hire her. Petitioner was injured in a fall while alighting from respondent's automobile at her home where they had conveyed her after completion of her duties as above on the day of the accident, November 2d, 1941.

At the conclusion of petitioner's testimony respondent moved for dismissal on the grounds that the employment shown was casual in nature within the meaning of the Compensation Law and petitioner did not, therefore, come within the purview of that act.

In brief filed by petitioner's attorney claim is made that this employment came within the business of the respondents in the sense that it was their business to raise their children and to provide for their proper care and protection. This contention, however, I find to be untenable as the legislature undoubtedly used the word business in the statute in the sense of a commercial enterprise for if it did not there would have been no need to distinguish between employment in connection with the employer's business and employment not in connection with any business of the employer in defining casual employment. I find accordingly that the employment of petitioner was not in connection with any business of the respondent and the proofs do not establish that the employment, was regular, periodic or recurring, but rather the contrary. In fact this case is alike in many respects to that of *Gray* v. *Greenwood,* 129 *N. J. L.* 596.

I do, therefore, find and determine that the employment of this pettitioner with respondents was casual and she is not entitled to the benefits of the Compensation Law and that judgment should go for the respondent.

It is, therefore, * * * ordered that the petition filed herein be and it hereby is dismissed.

HARRY H. UMBERGER,
*Deputy Commissioner.*