The Workmen's Compensation Bureau dismissed the petition for compensation on the ground "that the work the petitioner was doing at the time of the accident was not in connection with any business of the employer *Page 369 
and that the employment was not regular, periodic or recurring." On appeal the Ocean County Court affirmed.
Petitioner argues here, as he did below, that he was employed in an additional but regular business of the respondent. R.S.
34:15-36 provides:
"* * * `employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring. * * *"
The petitioner admits that the employment was not regular, periodic or recurring, and no argument has been advanced by the respondent that the employment arose by chance or was purely accidental.
Herman Hergert (since deceased) was engaged in the trucking and moving business with his sons. He had a summer bungalow at Seaside Park, and he and his sons were erecting a two-story building to the rear of his summer bungalow. The first story was to consist of a two-car garage and a kitchen, and the second story, of four rooms. Pursuant to an arrangement between Herman Hergert and the petitioner, a journeyman carpenter, the petitioner went down to the shore for one week to do carpentry work on the second story of this building, which work was to consist mainly of squaring pieces of lumber so that the sons could put them together. The petitioner was to receive $20 per day and the respondent was to provide board and lodging. On the fifth day of his employment, while petitioner was doing work on the building, he fell to the ground and was injured. There was no testimony as to Hergert's purpose in erecting the building or of the use Hergert intended to make of the building when erected.
Plaintiff concedes that there was no testimony that the building was being erected in connection with any business of the employer, but he argues that the inference should be drawn that Hergert was erecting the building, not for his *Page 370 
own use or pleasure, but solely for investment in the summer rental market at the shore. His argument proceeds: "Obviously, the mere ownership by Mr. Hergert of the house did not make him in business so far as that house was concerned. Here, however, it is to be remembered that Mr. Hergert was, under the only inference reasonable, building the house for a commercial enterprise, and hence must be taken to have been in business so far as this housing was concerned," and, further, "that the house on which petitioner was working was not the regular residence of the respondent, and this, in turn, permits the inference that it was being built for investment purposes by Mr. Hergert."
The Workmen's Compensation Bureau and the County Court found no evidence to support the inference that the building was being constructed in connection with any business of the employer, and we agree. Cf. Clausen v. Dinnebeil, 125 N.J.L. 223 (Sup.Ct. 1940). Petitioner relies mainly on Tettemer v. Slisz,131 N.J.L. 185 (E. A. 1944), but that case is distinguishable. In the Tettemer case, the carpenter performed work in the rebuilding of a barn on the farm of the respondent, and the court held: "Slisz conducted a dairy farm. His barn was destroyed by fire. It was necessary to have a barn in which to house his cattle. That was surely in connection with and a regular part of his business."
The judgment under appeal is affirmed. *Page 371