11 N.J. Super. 523 (1951)
78 A.2d 588
HARRY GLIDEAR, PETITIONER-APPELLANT,
v.
HAROLD A. CHARLES AND HELEN G. CHARLES, RESPONDENTS-APPELLEES.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Decided February 8, 1951.
*524 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Benjamin H. Priest, attorney for appellant, argued the cause.
Mr. Raymond L. Cunneen, attorney for appellees, argued the cause.
The opinion of the court was delivered by ROGERS, J.A.D.
This is a workmen's compensation case. Petitioner was injured while working as a carpenter upon the construction of respondents' new residence. The respondents let contracts for the excavation, plumbing and electrical work, but they hired artisans for the carpentry and masonry. The respondent, Mrs. Charles, hired petitioner as a carpenter to work on the house until it was completed. He had been a carpenter for 50 years. He was paid weekly at a daily rate of $10. Mrs. Charles supervised the work daily, and petitioner worked each day, except for holidays and storms, from the middle of September, 1948, until he was injured at work on November 24, 1948, a substantial time before the building was completed. Respondents were not engaged in the construction business and it was conceded that the employment was not in connection with any such vocation.
At the hearing before the Division of Workmen's Compensation respondents abandoned the defenses that (1) the petitioner was an independent contractor, and that (2) the accident did not arise out of and in the course of his employment. By amendment the defense of casual employment in other than respondents' business was interposed. The Workmen's *525 Compensation Division dismissed petitioner's claim for lack of jurisdiction in that petitioner's employment was not within the protection of the workmen's compensation statute because it was casual, and not regular, periodic or recurring; and the County Court affirmed the dismissal upon the same grounds. Petitioner now appeals from the judgment entered upon the latter appeal.
The section of the statute implicated in this appeal, R.S. 34:15-36 as amended P.L. 1945, c. 74, is as follows:
"* * * `employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring; * * *"
The only question presented upon this appeal is whether, within the intendment of this statute, the substantially undisputed facts show that petitioner's employment was either regular, periodic or recurring in other than respondents' business.
The Deputy Director and the County Judge relied upon Larson v. Hergert, 5 N.J. Super. 367 (App. Div. 1949), to sustain their conclusions that petitioner's employment was casual and not regular. We think the Larson case does not apply. There the dismissal was affirmed upon the ground that the proof did not show, as alleged, that the employment was in connection with the employer's business. Furthermore, it was admitted that the employment was not regular, periodic or recurring. The claim before us arises from employment not in the employer's business, and whether it was regular, periodic or recurring is the pivotal issue.
Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930); Clausen v. Dinnebeil, 125 N.J.L. 223 (Sup. Ct. 1940), and Gray v. Greenwood, 129 N.J.L. 596 (Sup. Ct. 1943); affirmed, 130 N.J.L. 558 (E. & A. 1943), were also relied upon by the County Judge, and, in our opinion, are not controlling, because the character, circumstances and term of *526 the employments involved in those cases differ essentially from the employment elements before us.
In the Forrester case, the employment was for such chores at the employer's home as might be assigned from day to day for a brief period, and which were not exclusively in the employee's trade; the work was neither regular, periodic nor recurring, and when completed the employee returned to his regular work.
The Clausen case held that a brief job helping an owner put a new roof upon his house was casual and not compensable employment.
In the Gray case, the employment for one day at the employer's home of a dressmaker who had been so employed upon a few occasions irregularly over a period of years was held not to constitute regular, periodic or recurring employment under the statute.
In Forrester v. Eckerson, supra, in construing the statute before us, Mr. Justices Donges for the Court of Errors and Appeals said:
"The question is, then, was plaintiff-respondent's work for the defendants-appellants regular, periodic or recurring?
The words, as used in this act, connote that employment is regular when it is steady and permanent for more than a single piece of work; recurring, when the work is to be performed at some future time by the same party, without further engagement; and periodic, when the work is to be performed at stated intervals, without further engagement."
The varying circumstances of employment outside the scope of employer's business are myriad when employment is tested for the statutory non-casual requirements,  "regular, periodic or recurring." No precise and practical definitions of compensable or casual employments under this provision of our statute suitable for all cases have been cited; and it is apparent that none can be composed. Each case must stand or fall upon its own facts tested by the fair meaning of the statutory standards of employment  "regular, periodic or recurring."
Our cases indicate that steady employment in the employee's usual line or trade and for more than a single piece *527 of work constitutes "regular" employment within the statute. These factors, as stated above, were found wanting in Forrester v. Eckerson, supra, and the compensation claim was denied. In Jasnig v. Winter, 115 N.J.L. 320 (Sup. Ct. 1935); affirmed, 116 N.J.L. 181 (E. & A. 1936), a dressmaker employed by the day for several days to sew as directed was held to be in "regular" employment within the statute. And so it was held in Cantwell v. Delaney, 10 N.J. Misc. 783 (Sup. Ct. 1932); affirmed, 110 N.J.L. 554 (E. & A. 1933), with the hiring of a practical nurse for three weeks and such further time as might be required. Of similar tenor is Stillman v. Judges of the Court of Common Pleas of Essex County, 6 N.J. Misc. 6 (Sup. Ct. 1927).
We now turn to appraisal of the facts before us under the applicable principles cited above. It seems clear that in the case sub judice petitioner was not employed for a single piece of work, nor for a single job, in any sense indicative of casual employment. He was hired for a substantial residence construction project of unestimated duration except its completion. The work was in his regular trade and inferably required his carpentry skill in the broad area of framing, exterior, interior, rough and finished work. He was paid weekly on a daily rate, and he had worked steadily for ten weeks before he was injured. Even then his employment was not ended because the house was not yet complete. What elements of "regular" employment in the usual or statutory sense of a "steady, permanent" nature are lacking here? We perceive none. The term of petitioner's employment was the completion of the construction, and we surmise in his work as a carpenter this indicated as steady and as permanent an employment as is found usually in the trade. The evidence, in our opinion, shows that petitioner established a compensable claim under the Workmen's Compensation Act. The court below erred in affirming the dismissal of petitioner's claim by the Division of Workmen's Compensation.
The judgment of the County Court is reversed and the cause is remanded for further proceedings consistent herewith.