17 N.J. Super. 311 (1952)
86 A.2d 19
LOUIS STEIN, PETITIONER-APPELLANT,
v.
SIDNEY FELDEN, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1952.
Decided January 16, 1952.
*314 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Leo Yanoff argued the cause for appellant (Messrs. Wildstein & Wildstein and Messrs. Green & Yanoff, attorneys).
Mr. Roland Vreeland argued the cause for respondent (Mr. Gerald T. Foley, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
This workmen's compensation case presents the questions whether the lower tribunals properly considered respondent's defense of casual employment, and, if so, whether the proofs sustained the dismissal of the claim petition upon that ground.
The burden of proving casual employment is upon the respondent. The petitioner is not obliged to disprove it. Burdick v. Liberty Motor Freight Lines, Inc., 128 N.J.L. 229 (Sup. Ct. 1942). However, if, while establishing an employment, the evidence shows a casual employment only, the petitioner is not to have an award merely because the respondent fails expressly to plead or to assert the defense. The right to compensation is purely statutory, see Nagy v. Ford Motor Company, 6 N.J. 341 (1951), and if petitioner was a casual employee when the accident occurred, he is excluded from benefits by the express terms of the act, R.S. 34:15-36; Burdick v. Liberty Motor Freight Lines, Inc., supra.
*315 Without question the better practice is for the respondent affirmatively to plead the defense in the answer or, at least, as was done in the Burdick case, expressly to deny that petitioner is an employee within the meaning of the terms and provisions of the act. The petitioner is entitled to fair notice of the defenses he will be called upon to meet at the hearing. Respondent's answer here merely denies that petitioner met with an accident arising out of and in the course of his employment. This hardly sufficed to put the petitioner on notice that respondent intended to rely on the defense of casual employment; indeed, petitioner could logically infer from the answer filed that he was not to be confronted with that defense as respondent affirmatively pleaded that petitioner was an independent contractor.
At the close of petitioner's proofs respondent moved to dismiss the petition on the ground such proofs showed petitioner was a casual employee. He also asked leave to amend the answer to set up the defense of casual employment if the deputy director deemed an amendment to be necessary, insisting, however, that the issue was sufficiently raised by the denial in the answer that petitioner suffered an accident arising out of and in the course of his employment. Petitioner's attorney objected to the allowance of an amendment. Clearly, when an amendment is sought over objection it should not be allowed in a manner prejudicial to the opposing party. The practice followed in the courts should obtain. Hahn v. Hahn, 17 N.J. Super. 17 (App. Div. 1951); Rule 3:15-2. Leave to amend should be granted with considerable liberality. If the objecting party makes a showing of surprise or other good reason, the practice of the deputy director should be to grant such continuance and opportunity as may reasonably be required to enable the objecting party to meet the amendment.
In this instance the deputy director did not rule on the motion for leave to amend, but denied the motion for dismissal stating that, although "I am satisfied the motion is in order," respondent had the burden of proof of the defense. *316 The deputy director thereupon called upon respondent's attorney to present his witnesses. Respondent was not present at the hearing, and his attorney was instructed to try to get him there. At this stage petitioner's attorney intervened and expressed a preference for a continuance to another day because of another engagement. Respondent's attorney concurred and the deputy director accordingly continued the hearing to a date over a month later. The deputy director suggested to respondent's attorney that he "renew your amendment the next time and I will give some thought to it."
Respondent was the only witness on the continued date. That petitioner and his attorney knew respondent's testimony was being offered in support of the defense of casual employment is clear from the cross-examination of the respondent. The questions of the attorney for the petitioner were obviously directed toward obtaining admissions to refute the contention that petitioner's employment was casual. When respondent was excused from the witness stand the testimony was closed without any request by petitioner's attorney for leave to present additional testimony in rebuttal or otherwise. Thereupon respondent's attorney moved again for a dismissal of the claim petition on the ground that petitioner was a casual employee, but he did not renew the motion for leave to amend the answer. Both attorneys summed up. The deputy director then announced his oral finding that the defense of casual employment was sustained and that the petition was dismissed.
Plainly, petitioner cannot be heard to complain that the defense of casual employment was improperly considered in the lower tribunals. In the circumstances presented the mere absence of a formal amendment to the answer does not support his contention. He had ample notice of respondent's reliance upon the defense and that the continuance for over a month was to afford respondent the opportunity to adduce testimony in support of it. Petitioner too might have utilized that period to prepare to meet the defense and, on the adjourned day, to present testimony to refute it. Thus, no *317 prejudice to petitioner is shown requiring the intervention of this court.
On the merits, we think the County Court's finding of casual employment in agreement with the finding of the deputy director is fully supported by the evidence. Petitioner is a carpenter of some 53 years' experience in his trade. For three years before the accident he had had no regular employment but did odd job work. He had taken "part time jobs" with respondent before this one, but admitted that he was not a "steady" employee of respondent, a plumbing and heating contractor. He and another carpenter were orally engaged "a day or two before" on an hourly rate eight-hour day basis to replace a single window with two windows in the bedroom on the second floor of respondent's home. Respondent maintains his business office in the basement of his home and uses his home address as his business address. He has a shop in another building at the rear of the house. There is an inter-communication system between the house and the shop and several telephone extensions in the house, including one in the bedroom. Respondent occasionally hires carpenters in connection with his plumbing and heating business, keeps a stock of carpentry materials in his shop for the purpose, and has personally sufficient familiarity with the trade to lay out carpentry jobs.
Respondent laid out the work to be done on this occasion and supplied the materials. Petitioner and his co-worker supplied their own tools and erected their own scaffold. Petitioner was injured when he fell from the scaffold as he attempted to descend therefrom in the afternoon of the first day.
Petitioner first argues that, because respondent maintains his business office in the basement of the house, has a telephone extension in the bedroom, and claims a portion of the expense of maintaining the house as a deductible business expense for income tax purposes, the alteration must be deemed to be of a structure regularly used in the plumbing and heating business, relying on Tettemer v. Slisz, 131 *318 N.J.L. 185 (E. & A. 1944). In the Tettemer case the carpenter was rebuilding a barn destroyed by fire when he fell and was injured. The respondent conducted a dairy farm and the barn was used to house his cattle. It was held that the housing of the herd was a regular part of respondent's business and that the work petitioner was doing was connected with that business. That is not the case here. See Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930); Larson v. Hergert, 5 N.J. Super. 367 (App. Div. 1949). The windows were being installed on the second floor in the part of the house used by respondent for living quarters. The business office was in the basement. The mere presence of a telephone extension in the bedroom does not constitute that room part of the business quarters. Doubtless every business man has occasion to use his home telephone for a business purpose, but this does not make his home a part of his regular business premises.
Petitioner next argues that, because respondent occasionally employed carpenters in his plumbing and heating business and supplied the materials for the alteration work from his business stock, the work must be deemed to have been in pursuit of the plumbing and heating business. The facts support no such inference. Plainly, the work was being done by respondent as a home owner and not at all in the pursuit of his business. See Larson v. Hergert, supra; Forrester v. Eckerson, supra; Clausen v. Dinnebeil, 125 N.J.L. 223 (Sup. Ct. 1940). Petitioner refers us to Blanar v. Goldstein, 124 N.J.L. 523 (E. & A. 1940). That decision is clearly distinguishable. It rests upon a finding that Blanar's driving of Goldstein to Saratoga was within the duties required of him under his contract of hire in Goldstein's business.
Petitioner finally contends that, even assuming the employment was not in connection with respondent's plumbing and heating business, it was nevertheless covered employment within the provision of R.S. 34:15-36 which includes employments "if not in connection with any business of the *319 employer" which are regular, periodic or recurring. He argues that his employment must be deemed to be regular employment as "there is nothing in the case to indicate that the replacement of the windows was the only thing which petitioner was to do." The evidence amply supports the finding below that petitioner was engaged only to alter the window and that the engagement was to terminate when that alteration was completed. Cf. Fitzpatrick v. Haberman, 16 N.J. Super. 490 (App. Div. 1951); Glidear v. Charles, 11 N.J. Super. 523 (App. Div. 1951), affirmed 7 N.J. 345 (1951).
Affirmed. No costs.