77 N.J. Super. 409 (1962)
186 A.2d 694
IDA HERRITT, PETITIONER-APPELLANT,
v.
PRISCILLA McKENNA AND MALCOLM C. McKENNA, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1962.
Decided December 13, 1962.
Before Judges PRICE, SULLIVAN and LEWIS.
*410 Mr. Milton D. Liebowitz argued the cause for petitioner-appellant (Mr. Sheldon M. Liebowitz, attorney).
Mr. Bruce LaSala argued the cause for respondents-respondents (Mr. George G. Tennant, Jr., attorney).
The opinion of the court was delivered by PRICE, S.J.A.D.
The issue presented by this appeal is whether petitioner's temporary employment by respondents was properly adjudged to be "not regular, periodic or recurring" (N.J.S.A. 34:15-36), with the resultant denial of compensation benefits. Both the Workmen's Compensation Division and the County Court on appeal, in denying recovery, held that the proofs established that petitioner was only a casual employee, as that phrase has been defined by pertinent decisions of our courts.
Plaintiff was 70 years of age when she sustained injury as the result of a fall in defendants' home in Englewood in this State on November 2, 1960. Petitioner lived in the same municipality. In her compensation petition she described her occupation as "domestic & cook." Respondents' answer alleged that petitioner was working as a "babysitter" at the time of the accident and that she was not an "employee" of respondents within the meaning of the aforesaid statute.
The parties are in substantial agreement as to the factual situation on the basis of which we are required to determine whether petitioner's claim is compensable.
Petitioner, who had been in receipt of social security benefits since she became 65 years of age, earned approximately $600 to $700 a year by working as a "babysitter" for various families in the general area of the municipality in which she resided. When engaged in such work she occasionally performed other tasks incident to that type of employment, to which allied phases of her work reference will hereinafter be made.
Respondent Malcolm McKenna, at the time of the accident in question, was an assistant curator of vertebrate paleontology *411 employed at the Museum of Natural History in New York City. He and his wife Priscilla McKenna and their three children, respectively 6 1/2, 4 1/2 and 2 years of age, comprised the household.
Prior to the occasion under scrutiny respondents had employed various "babysitters," including petitioner. The latter had worked for respondents on eight isolated occasions as a "babysitter," all in September and October 1960, as they had recently moved to their new home and had frequent need for "babysitting" services. Petitioner was paid at the hourly rate of one dollar, with a minimum of five dollars for any single engagement. The engagements were for specific dates and varied as to the hour of commencement of the service as well as to the duration thereof. Petitioner's compensation on each occasion was paid by respondents at the termination of the specific service. Each engagement was a separate hiring. Some of the engagements were arranged through the medium of telephone calls from Mrs. McKenna to petitioner. On other occasions, on the termination of the services as a "babysitter" on a particular day, Mrs. McKenna would engage petitioner for another specific date. Petitioner had not stayed "overnight" at the McKenna home on any occasion prior to October 30, 1960. In response to an interrogation by her own counsel, petitioner, describing her "usual occupation," said:
"Well, I babysit. I mostly go out to families that have children and keep them for as high as a week at a time if they are out of town for two or three days but then I go out just on regular babysitting nights from ten to fourteen hours, whatever they need me for."
On or about October 1, 1960 respondents advised petitioner that they were planning to go to Denver, Colorado, and requested that petitioner take care of their children at their home from October 30 to November 4, inclusive. Petitioner accepted the engagement. She testified that her duties during that period, as outlined by Mrs. McKenna, were to "look after the children, cook our meals and keep the house straightened, nothing hard."
*412 Mrs. McKenna testified that she engaged petitioner for the period in question after unsuccessfully endeavoring to employ each of three other women who, it developed, had prior daily commitments preventing them from accepting the particular work assignment.
Concededly, it was arranged that petitioner's employment by respondents for the aforesaid period was to be continuous. Her engagement required her to sleep at respondents' home and to remain there during their absence. Petitioner's primary task was to take care of the children, to do the necessary cooking, cleaning and washing, and to perform incidental housekeeping chores.
It was agreed that respondents were to pay petitioner $10 per day, or a total sum of $60, for her work during the six days of the engagement.
The term "employee" is defined in N.J.S.A. 34:15-36 as follows:
"`[E]mployee' * * * includes all natural persons * * * who perform service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring; * * *." (Emphasis supplied.)
The parties formally stipulated at the hearing in the Division "that the engagement of petitioner as a babysitter was not in connection with respondents' business." As a consequence, the issue presented for resolution by the Division and by the County Court on appeal was whether petitioner's aforesaid engagements by respondents were "casual," as defined by that portion of the aforesaid statutory provision as "not regular, periodic or recurring." On this appeal we are called upon to resolve the same issue.
In Glidear v. Charles, 11 N.J. Super. 523, 526 (App. Div.), affirmed 7 N.J. 345 (1951), we said:
"The varying circumstances of employment outside the scope of employer's business are myriad when employment is tested for the *413 statutory non-casual requirements,  `regular, periodic or recurring.' No precise and practical definitions of compensable or casual employments under this provision of our statute suitable for all cases have been cited; and it is apparent that none can be composed. Each case must stand or fall upon its own facts tested by the fair meaning of the statutory standards of employment  `regular, periodic or recurring.'"
Furthermore, in Berkeyheiser v. Woolf, 71 N.J. Super. 171, 175 (App. Div. 1961), we noted that:
"Although the statutory definition of casual employment has been found to be unserviceable in its practical application, nevertheless, the term `casual' at least connotes a relationship relatively brief and passing, coming without regularity."
Although, as above noted, "no precise and practicable definitions" of casual employment (where the employment is not in connection with the employer's business) are "suitable for all cases," the general connotation of the term is recognized in Forrester v. Eckerson, 107 N.J.L. 156, 158 (E. & A. 1930), in the following language:
"The words, as used in this act, connote that employment is regular when it is steady and permanent for more than a single piece of work; recurring, when the work is to be performed at some future time by the same party, without further engagement; and periodic, when the work is to be performed at stated intervals, without further engagement."
Initially we determine that the proofs demonstrate that petitioner's aforesaid employment by respondents was not "steady and permanent for more than a single piece of work." On the contrary, it was irregular and impermanent. All of petitioner's engagements by respondents were for isolated periods, were disassociated from each other, were without continuity, and in each instance were created by specific, separate arrangement.
Although in this opinion we consider the entire relationship existing between petitioner and respondents, we note that petitioner's counsel viewed the issue more narrowly in his "Statement of Question Involved," expressed as follows:
*414 "Whether the Court below correctly applied the law in holding that the petitioner was a casual employee engaged in a temporary employment where the petitioner was hired for six consecutive days on a twenty-four hour per day basis, and therefore not entitled to benefits under the Workmen's Compensation Act?"
Petitioner, in support of her contention, relies very heavily on Stillman v. Judges, Ct. Common Pleas, Essex Co., 6 N.J. Misc. 6, 139 A. 705 (Sup. Ct. 1927); Cantwell v. Delaney, 10 N.J. Misc. 783, 160 A. 679 (Sup. Ct. 1932), affirmed 110 N.J.L. 554 (E. & A. 1933); and Jasnig v. Winter, 115 N.J.L. 320 (Sup. Ct. 1935), affirmed 116 N.J.L. 181 (E. & A. 1936).
In Stillman the petitioner "was engaged to work in household service of the Stillmans for two weeks at least, and for such further time as she should be required." (6 N.J. Misc., at p. 7; emphasis supplied.) In Cantwell the petitioner "was engaged as a practical nurse to attend the mother and child and to do washing, cooking, and general housework for a period of three weeks and such further time as her services might be required." (10 N.J. Misc., at pp. 783-784; emphasis supplied.) Both cases are factually distinguishable from the case at bar and furnish no basis for petitioner's claim for compensation. In Stillman and Cantwell our former Supreme Court emphasized not only the preliminary, specific period of employment, but the fact that the employment (as stated in Stillman) was "for such further time as she [petitioner] should be required," characterized as "an uncertain and indefinite period," (Stillman, supra, at p. 7) and (as stated in Cantwell) for "such further time as her [petitioner's] services might be required," which added period was labeled by the court as "indefinite." (Cantwell, supra, at p. 784.)
We next consider Jasnig v. Winter, supra, on which, as noted, petitioner also relies. The County Court, in the instant case, deemed Jasnig inapposite. In so holding, it said that in Jasnig "a dressmaker working by the day, under the direction of her employer apparently worked for an indefinite *415 period," and consequently was entitled to compensation. Jasnig, however, in our opinion, is more clearly distinguishable from the case at bar by reason of the fact that the employment of petitioner in the cited case was a "recurring" one. Clausen v. Dinnebeil, 125 N.J.L. 223, 226 (Sup. Ct. 1940); Fitzpatrick v. Haberman, 16 N.J. Super. 490, 494 (App. Div. 1951). The importance of the nonrecurring feature of petitioner's employment in the instant case is hereinafter discussed.
We find that the principle enunciated in Glidear v. Charles, supra, is dispositive of petitioner's contention that she is to be deemed a "regular" employee by virtue of the fact (as set forth in the aforesaid Statement of Question Involved) that she "was hired for six consecutive days on a twenty-four hour per day basis." In Glidear v. Charles, we said (11 N.J. Super., at p. 527):
"It seems clear that in the case sub judice petitioner was not employed for a single piece of work, nor for a single job, in any sense indicative of casual employment. He was hired for a substantial residence construction project of unestimated duration except its completion." (Emphasis supplied.)
We determine that petitioner's employment for the specific six-day period was not sufficient to constitute her a "regular" employee. Cf. Petrone v. Kennedy, 75 N.J. Super. 295, 303 (App. Div.), certification denied 38 N.J. 312 (1962).
We also find that petitioner's arrangements with respondents did not satisfy the aforesaid statutory requirement of a "recurring" or "periodic" employment. At no time did any arrangement exist whereby, at the conclusion of the rendition of service by petitioner for respondents on a specific occasion, the former without further engagement was to work again for respondents. The uncontradicted proofs show that the situation was to the contrary. At the conclusion of a period of hourly service, if respondents then knew when they would need the services of a "babysitter" again, arrangements would be made with petitioner (if she were the "babysitter" *416 desired by the McKennas and if she were available and her other commitments did not interfere) for a specific date for petitioner again to come to respondents' home to take care of their children. If respondents did not then know when they would next need a "babysitter," no arrangement for a further engagement would then be made with petitioner. When the date for such further need of a "babysitter's" services became known to respondents they would make arrangements therefor by calling one of several persons who did such work. On occasion the person so called would be petitioner, and the new engagement for a specific day would then be made with her.
Moreover, the services performed by petitioner for respondents did not meet the third aforesaid test, expressed in Forrester, supra. The services rendered were not "periodic," and were not performed "at stated intervals without further engagement." As shown by the proofs, the work periods were not fixed at stated intervals. Each engagement was newly created as the need therefor arose. See Gray v. Greenwood, 21 N.J. Misc. 137, 144-5, 32 A.2d 347 (C.P. 1941), affirmed 129 N.J.L. 596 (Sup. Ct.), and 130 N.J.L. 558 (E. & A. 1943); Williams v. Jacobs, 21 N.J. Misc. 131, 131 A.2d 803 (Dept. Labor 1943).
In holding that petitioner was a "casual" employee, the judge in compensation observed that petitioner had "developed an occupation of baby sitting for families in and around her home"; that she had "spent time with this particular family" on prior occasions; that each time she was separately paid for the specific service; that no regularity or continuity featured her employment; and that each employment constituted a separate engagement.
The County Court, after independently analyzing the testimony, concluded:
"It is quite obvious that her [petitioner's] employment was not regular, periodic or recurring. She was engaged specifically for six days, at a specific price for the particular occasion involved. It was not recurring because there was to be no future work without further *417 engagement nor was it periodic when the work is to be performed at stated intervals without further engagement."
We agree.
As noted in Petrone v. Kennedy, supra, 75 N.J. Super., at p. 303:
"When we deal with business employers, `[o]ur act is construed to bring as many cases as possible within its coverage,' Hannigan v. Goldfarb, 53 N.J. Super. 190, 195 (App. Div. 1958). Cf. Graham v. Green, 31 N.J. 207 (1959). However, as Larson says (§ 50.25, p. 745), we should be slow `to impose Workmen's Compensation liability on householders, either by judicial decision or by statutory extension * * *.'"
The judgment of the County Court is affirmed.