MAUDE HARRINGTON, PETITIONER - RESPONDENT, v. MARIAN GARRISON ET AL., RESPONDENTS-PROSECU-TORS.

Argued May 2, 1933—Decided September 7, 1933.

Before Justices CASE, BODINE and DONGES.

For the petitioner-respondent, *James J. Skeffington.*

For the respondents-prosecutors, *Wall, Haight, Carey & Hartpence (Albert C. Wall,* of counsel).

PER CURIAM.

The writ of *certiorari* brings up the record in a workmen's compensation matter wherein the award to the employe was affirmed by the Essex Common Pleas on appeal. The single point argued by the prosecutor is that the workmen's compensation bureau is without jurisdiction for the reason, as alleged, that the employment was casual, and therefore not such as to come within the purview of the statute.

Maude Harrington was skilled as a household worker in the various duties that are incident to a home, including serving, sewing, cooking and cleaning. There were several

families, including Mrs. Garrison's, amongst which, as required, she divided her time. She had worked for Mrs. Garrison over a period of ten years, with the understanding, as she testifies, that she should have three days' service each week, the particular days of the week not being specified but being such as Mrs. Garrison, according to various domestic needs and engagements, should summon her for. Mrs. Garrison testified that there was no agreement, and that the service rendered was not so considerable but that Miss Harrington, subject to earlier engagements elsewhere, came on call. In response to the question, "do you know whether or not she worked for you at least one day a week while you were home?" Mrs. Garrison answered, "yes, I am sure she did work one day a week." The compensation was at the rate of fifty cents per hour, paid, according to Miss Harrington, either weekly or every two weeks, or, on occasion, otherwise depending upon Miss Harrington's need of money. There is no dispute concerning the injuries, which occurred Monday, April 21st, 1930, at the Garrison home, to which Miss Harrington had been summoned by a telephone message sent sometime after her departure from her labors at the house on the preceding Friday evening. It is significant both as to the proportion of the week given to Mrs. Garrison's service and as to the expectancy of both employer and employe that the service, though in broken periods, would be continued, that Miss Harrington had worked at the Garrison home at least two full days during the week that preceded the injury, and though she had then quit the premises without any naming of the day for her next attendance, she neither asked for nor was offered her pay for the service rendered during that week; the more significant because, according to the testimony, illustrative of the ordinary and long-enduring relations that existed between the parties.

The prosecutor contends that the employment was casual and relies upon *Forrester* v. *Eckerson,* 107 *N. J. L.* 156; 151 *Atl. Rep.* 639, and *Pamph. L.* 1919, *ch.* 93. We find ourselves in disagreement with her conception of the citations and with her conclusion of law. *Pamph. L.* 1919, *ch.* 93, provides:

"Employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employment, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

It is not argued that the employment was by chance or accidental, but it is said that it was not in connection with any business of the prosecutor and that it was neither regular, periodic nor recurring. Without attempting to determine whether Mrs. Garrison's status as a housewife was a business within the meaning of the statute, we state our conclusion that the employment was at least "recurring." That the employment was such was the view of both the deputy commissioner and the Common Pleas judge, and we concur. The circumtsances are wholly unlike those in *Forrester* v. *Eckerson, supra;* and yet the application of the principle stated in that case causes no difficulty in this. For, as Judge Hartshorne said in the opinion below, "clearly there was a basic agreement." Miss Harrington was in effect a part-time servant in the prosecutor's employ, and her service had at least this degree of regularity, that the employment was for a part of every week that the Garrisons were at home over a long period of years and for a minimum of one day in each of those weeks. In this long repetition of weekly service, in the acceptance of it as a regularly recurring fact and in the mutual expectation of continuation, we find a condition utterly at variance with the common understanding of, as well as with the statutory definition of, a casual employment.

Judgment below will be affirmed, with costs.