FRED P. CLAYTON, PLAINTIFF-RESPONDENT, v. HOWARD AINSWORTH, TRADING AS AINSWORTH COAL AND SUPPLY COMPANY, DEFENDANT-APPELLANT.

Submitted October 28, 1938—Decided February 6, 1939.

For the respondent, *Parsons, Labrecque & Borden* (*Theodore D. Parsons,* of counsel).

For the appellant, *Lester C. Leonard.*

The opinion of the court was delivered by

RAFFERTY, J. This is a common law action by servant against master, to recover damages for an injury sustained in the course of the employment, and arising out of that employment. There was no contract or notice removing the relationship from the operation of the Workmen's Compensation act (*R. S.* 34:15-9), and hence the case would be controlled by that act unless the employment was casual. *R. S.* 34:15-36. Plaintiff claimed that it was casual; and this question, and the further question whether the injury was caused in whole or part by some negligent act or omission of the alleged casual employer, are the two critical features of the cause.

Defendant Ainsworth was the proprietor of a coal yard equipped with a railroad trestle and bins underneath it. An addition to the trestle, called a catwalk, was projected or under construction, and plaintiff was engaged by Ainsworth to work on the catwalk. At the time of that engagement he was working elsewhere, and as he claimed, for a different employer, as will appear more fully in a moment. At the request of Ainsworth, according to his story, he left the other employment temporarily, went to the Ainsworth's coal yard, and was occupied in making measurements on the ground under the trestle, when two employes of Ainsworth opened the bottom of a coal car standing on the trestle, and the contents, consisting of coke, poured down on plaintiff and injured him.

The principal defenses were two in number: first, that the case was within the Compensation act; and secondly, if not within that act, the injury was the act of fellow servants, and that the negligence of those fellow servants was a risk assumed by the plaintiff. *Butler* v. *Eberstadt,* 113 *N. J. L.* 569, 577, and cases there cited.

As to the first question, defendant claimed that plaintiff was his regular employe; that plaintiff had been working for him on the previous job already mentioned, and had merely been transferred from one job to another, but was on both jobs an employe of Ainsworth. As to this, plaintiff's

case was that the first job was construction work at the Laird plant at a place called Scobeyville, and that his employer was the Laird concern; that Ainsworth was indeed superintendent of construction for the Laird concern, and, as such, had supervision and control of plaintiff, but that plaintiff was paid by the Laird office and was not then an employe of Ainsworth.

As to the second question, relating to the fellow servant rule, plaintiff's case rested on the duty of the employer at common law in relation to providing a safe place to work.

Motion for direction of verdict made at the close of the case was denied.

The court in its charge left to the jury the factual question as to whether or not Clayton was a casual employe and, if the jury found such a status, whether defendant had met his primary duty in providing to plaintiff a reasonably safe place in which to perform his work and in warning or causing plaintiff to be warned of any latent or unforeseen danger which would imperil him in the place provided for the work to be done. The jury were also instructed that if they found plaintiff knew or reasonably should have known of the existence of the danger, he could not recover, notwithstanding the negligence of defendant, because plaintiff would then have assumed the risk of the employment.

The grounds of appeal as argued are summed up in two points, the first being that the court erred in denying defendant's motion for a directed verdict and, the second, that the court erred in charging that it was the duty of defendant to give warning to plaintiff before the car was unloaded, and that the jury should decide whether defendant had failed in his duty to provide plaintiff with a reasonably safe place in which to work.

Appellant argues generally that the court fell into these alleged errors because of its failure to give effect to the "fellow-servant rule," and cites a number of cases involving the application of that rule. This argument quite overlooks the primary and non-delegable duty of the master to provide a safe place of employment for his servant and to provide him

with proper tools and equipment, if such be necessary, and to warn the servant of any latent or unusual dangers that might attend the employment.

The theory of the case below, as presented and tried by plaintiff, was that the injury was occasioned to plaintiff because of the negligence of defendant in failing to properly protect and guard the structure and in failing to maintain a proper method of protection and warning to plaintiff in respect to the operations performed in and about the structure.

"Whether the deceased was put to work by the master in a dangerous place, or the place where he was at work made dangerous by the master, was, in our judgment, clearly a proper question for submission to the jury." *Polo* v. *Palisade Construction Co.*, 75 *N. J. L.* 873, 875.

"While the decedent assumed all the risks which were necessarily incident to his employment, or which were obvious or known to him, he did not assume the risk of injury due to the failure of the defendant to exercise reasonable care in furnishing him a safe place to do his work." "If in the place of work there is an unusual danger which is not obvious, it is the duty of the master to warn those who are to incur it of its existence." *Cetofonte* v. *Camden Coke Co.*, 78 *Id.* 662 (at *p.* 666), and cases there cited.

"When a master thus owes a duty to his servants it is immaterial what agency he may employ for its performance, it remains his duty and he cannot escape liability for its negligent fulfillment by delegating its performance to one or more of the very class to whom such duty is owing. The test is not what agents did the master employ in the performance of a given duty, but whether the duty itself was one that he owed to his servants or one that they owed to him. It is established law in this state, and very generally elsewhere, that if a master owe to his servants a duty that involves the exercise by him of reasonable care, and he employs his servants to perform this duty for him and they or some of them fail to exercise reasonable care in its performance the master is legally chargeable with the fault." *Laragay* v. *East Jersey Pipe Co.*, 77 *Id.* 516 (at *p.* 521), and cases there cited.

Since the plaintiff's cause of action depended upon the character of his employment, whether casual or regular, a fact question was presented which the court properly left to the jury. *Butler* v. *Eberstadt, supra.*

We are satisfied that the action of the trial court in denying the motion for direction of verdict was proper and that the charge of the court in all respects was a full and clear exposition of the law of the case and that no error is involved therein.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.