NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

KATHERINE STEWART, PETITIONER, v. WALTER BRANT AND MILDRED T. BRANT, RESPONDENTS.

Decided December 14, 1940.

For the petitioner, *Mario Turtur*.

For the respondent, *Snevily & Ely* (*Paul Koch,* of counsel).

\*       \*       \*       \*       \*       \*       \*

From the undisputed facts as developed by the evidence I find that the petitioner, Katherine Stewart, met with an accident on August 12th, 1938, as she was performing housework in the respondents' home at 304 Brook avenue, North Plainfield, New Jersey. The injury consisted of a sprain of the lower back caused by lifting a heavy sofa while cleaning the respondents' living room. She testified that she was seized with a sharp sudden pain in the lower region of her back and that she lay helpless on the floor in a semi-collapse condition until she was assisted by the respondent Mildred T. Brant to a chair where she rested for twenty minutes before leaving for her home. Upon arriving at home Dr. R. S. Cantini was summoned and treated her thereafter for eight (8) weeks, during most of which time the petitioner was confined to her bed. Subsequent thereto she received treatment for several months at intervals at the doctor's office. At the present time she suffers from the residual effects of a back sprain, in that she is unable to bend forward or lift because of constant pain in the lower back; her left leg becomes paralyzed or numb when she sits too long in one position; and she is compelled to wear a surgical corset or back support because of weakness of the back and as an aid to relieve herself of the pain.

The respondents in controverting the petitioner's right to compensation urge that the petition be dismissed on four separate grounds, to wit: (1) that the petition be dismissed as to the respondent Mildred T. Brant under the authority of *Auten* v. *Johnson,* 115 *N. J. L.* 71; 178 *Atl. Rep.* 187; (2) that the petition be dismissed because petitioner was a casual worker and not a servant of the respondents; (3) that the petition should be dismissed because petitioner's injuries

were not sustained in the course of an industrial accident; and (4) that the petition should be dismissed because the petitioner failed to give notice of injury within the time fixed by the statute, and the claim is therefore barred. In passing upon these grounds I shall take them up in their chronological order.

With reference to the first ground I find merit to the respondent's contention to the effect that the petition as it relates to the respondent Mildred T. Brant must be dismissed under the rule enunciated by Mr. Justice Heher in the Auten case, *supra,* "holding that a wife, as here, is not liable as a member of a joint undertaking under the Workmen's Compensation act for an injury to a servant, in the absence of an express contract binding her own estate or circumstances clearly showing assumption of individual liability exclusive of that of her husband. The presumption being that in the employment of a house servant, a wife acts as her husband's agent." I am, therefore, constrained to dismiss the petition as against the respondent Mildred T. Brant.

With reference to the second, third and fourth grounds urged by the respondents, I find them wholly without merit. By the great weight of the evidence, the petitioner was not a casual employe but a regular employe within the purview and intendment of the Workmen's Compensation act, performing household work for the respondents for one-half day every week or every two weeks for which she received $1 for each one-half day's work.

By express statutory enactment one engaged in casual employment is excluded from the benefits of the Workmen's Compensation act. Section 23 (c) defines an employe entitled to compensation as follows: "Employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employers' business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring." Casual employment it will be noted is divided into two classes, viz., (1) that which has

no connection with the employer's business; and (2) that which is not in connection with any business of the employer. Since the petitioner's employment was not in the course of any business of the respondents, subdivision (2) of the definition is applicable to the present case. The question then arises as to the construction to be placed on the word "employment" as used in subdivision two of the definition. "Employment" as here used does not refer to a contract of employment. A contract cannot be casual, as it comprises a definite intentional act between the parties. A logical interpretation of the word, "employment," as used in paragraph 23 (c) subdivision two, would be "the service at which one is employed." Hence, an elaboration of the definition would read as follows: "employment is casual if the service at which one is employed is not regular, periodic or recurring." The nature of the service at which one is employed is thus the controlling factor in determining the character of the employment as casual or not. It has been suggested that a proper test of whether or not the employment is casual, is: If, by agreement between the parties, the employe undertakes to render services to the employer at fixed times or for definite periods separated by intervals—that is, if the employe has the right to come to work at those times without being specially engaged from time to time, the employment is not casual. If, on the other hand, the employment ceases at the end of each day's work or period of work, in the sense that the employe would not be expected to work again for the employer without a new engagement or hire, the employment is casual. But where the work, as in the case at bar, is more or less regular and recurring, although separated by intervals, the respondents cannot escape liability by adopting a system of daily engagements, predicated on a new contract or hire for each engagement. See *Harrington* v. *Garrison*, 11 *N. J. Mis. R.* 754, *supra*. Nor am I impressed with respondents' contention in labeling the petitioner "an itinerant worker." Surely one engaged in doing general housework at more or less regular intervals is not in the same category of the so-called itinerant worker who is principally engaged as a fruit or berry picker at brief periods during the agricultural season.

In so far as the respondents' contention that the petitioner's injuries were not sustained in the course of an industrial accident, I find that the weight of the evidence is quite to the contrary.

\*　　\*　　\*　　\*　　\*　　\*　　\*

On the last point raised by the respondent, namely that the petition should be dismissed on the ground that there was no notice given them of the injury within the time fixed by the statute, I find such contention likewise without merit. The statute, *R. S. 1937*, 34:15-17, specifically prescribes either knowledge or notice of an injury. Where, as here, the respondents had actual knowledge of the mishap, notice is not necessary. See *Merritt* v. *American Stevedores, Inc.*, 15 *N. J. Mis. R.* 710; 195 *Atl. Rep.* 382. In the case at bar, the uncontradicted testimony of the petitioner is to the effect that Mrs. Brant was present at the time of the mishap and actually assisted her from the floor to a chair; such knowledge relieves the petitioner of giving notice.

\*　　\*　　\*　　\*　　\*　　\*　　\*

That on August 12th, 1938, the petitioner suffered an injury to her back as a result of an accident arising out of and in the course of her employment.

\*　　\*　　\*　　\*　　\*　　\*　　\*

That as a result of said injury and condition which followed, the petitioner suffers a permanent disability equivalent to ten per cent. of the total.

\*　　\*　　\*　　\*　　\*　　\*　　\*

And, it is further ordered that the petition in so far as it refers to the respondent Mildred T. Brant be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*