ANN BALMFORTH, PETITIONER-RESPONDENT, v. CHARLES McMURRAY, RESPONDENT-APPELLANT.

Essex County Court
Law Division

Decided October 31, 1963.

*Mr. Irving Silverman* for petitioner-respondent (*Mr. Louis C. Jacobson,* attorney).

*Mr. Harry Lane, Jr.* for respondent-appellant (*Messrs. Sanderson & Cullen,* attorneys).

GLICKENHAUS, J. C. C. Respondent appeals from the determination of the Workmen's Compensation Division judge. He contends that petitioner's own testimony indicates that her employment was "casual" and therefore not compensable within the provisions of the act. The record indicates that the matter initially proceeded to trial before the judge of compensation on the basis of a pretrial memorandum entered into between the parties. A reading of that memorandum indicates that the question of casual employment was not raised. It appears that the only question to be determined was the rate of compensation and the amount to be awarded to petitioner. No other issue was raised.

After hearing the matter, the judge of compensation apparently reserved decision, for his determination was not made for some time after the trial. Between the hearing and the final determination of the matter, the compensation judge received a letter from respondent's attorneys in which they cited a recent decision of the Appellate Division, *Herritt v. McKenna*, 77 *N. J. Super.* 409 (1962), and informed him that under that case they believed that the testimony indicated a casual employment and no award could be made. They further stated that they desired to "move for a dismissal of the opinion."

The record indicates that although respondent interjected the issue of casual employment for the first time after all the evidence was concluded, the judge of compensation considered the new issue and resolved it in petitioner's favor. To do so he necessarily had to be satisfied from all of the testimony adduced, limited as it may have been to the issues raised in the pretrial memorandum, *i. e.*, rate of compensation and amount thereof, that the proofs established that petitioner's employment was "regular, periodic or recurring" (*N. J. S. A.* 34:15–36). The judge expressed his findings as follows:

"I have considered the proofs presented in the above entitled matter, and have concluded that the petitioner was an employee of the respondent, and was not a casual employee. Her working with the respondent was under such circumstances as to constitute regular employment; although for some period of the time after the commencement of the employment, the employment may well have been characterized as casual. There is a point at which casual employment ceases to be casual, and become regular employment."

This determination, as well as the basis that the compensation judge used for computing the amount of the award, are the subject of this appeal.

The petitioner seeks to have this court sustain the findings below and argues that (1) respondent should not be permitted to raise the question of casual employment on appeal; (2) the findings below were proper in law, and (3) the amount of the award was properly computed.

In answer to petitioner's contention with reference to raising the question of casual employment, respondent argues that if the employment was a casual one, then the compensation judge was without jurisdiction to make an award and the question of jurisdiction can be raised at any time.

As the matter presently stands, there is presented for the court's decision the questions of (1) whether the contention that petitioner's employment was casual is addressed to the jurisdiction of the Workmen's Compensation Division or is a defensive pleading which, if not raised in the pretrial memorandum, should be considered as abandoned, and (2) whether the compensation judge properly considered respondent's defense of casual employment in determining this matter.

## I.

The court is of the opinion that respondent is not barred from asserting that, based on the evidence adduced, petitioner's employment was casual. If a petitioner presents evidence which shows casual employment, he cannot recover merely because respondent failed to expressly plead the defense of casual employment. *Stein v. Felden,* 17 *N. J. Super.* 311 (*App. Div.* 1952) ; *cf. Fury v. New York & Long Branch R. R. Co.,* 127 *N. J. L.* 354 (*E. & A.* 1941), *certiorari* denied 315 *U. S.* 815, 62 *S. Ct.* 800, 86 *L. Ed.* 1213 (1942).

The burden of proving that employment is casual rests upon the employer; it is not "the burden of the employee to present evidence that would disprove casual employment." *Haytko v. William Crabb & Co.,* 17 *N. J. Super.* 95 (*Cty. Ct.* 1951), affirmed 21 *N. J. Super.* 330 (*App. Div.* 1952).

A casual employee is expressly excluded by the act, *R. S.* 34:15–36; therefore the defense is jurisdictional. The jurisdiction of the Compensation Division is limited by the statute. Where it exceeds its jurisdiction its act is a nullity. Deviations from the Division's established sphere of action cannot be given by consent, default, waiver or estoppel. *Nagy v. Ford Motor Co.,* 6 *N. J.* 341 (1951).

Ordinarily, an appellate court will not entertain questions not raised below. An exception occurs when the issue relates to jurisdiction. *Sustick v. Slatina,* 48 *N. J. Super.* 134 (*App. Div.* 1957); *M. N. Axinn Co. v. Gibraltar Development, Inc.,* 45 *N. J. Super.* 523 (*App. Div.* 1957); *Roberts Elec., Inc. v. Foundations & Excavations, Inc.,* 5 *N. J.* 426 (1950); *Bocchino v. Best Foods,* 16 *N. J. Super.* 154 (*Cty. Ct.* 1951). A jurisdictional defense need not be set up in the pleadings. *Bocchino v. Best Foods, supra; Stale v. Shupe,* 88 *N. J. L.* 610 (*E. & A.* 1916).

In *Victor Chemical Works v. Industrial Board,* 274 *Ill.* 11, 113 *N. E.* 173, 179 (*Sup. Ct.* 1916), the court held that casual employment could not be raised for the first time on appeal. However, in Illinois casual employment is not a statutory exclusion, as it is in New Jersey. *Larson, Workmen's Compensation Law,* § 50.10, *p.* 735, n. 66.

## II.

In this case it is to be noted that petitioner, by reason of the pretrial memorandum, did not know of the issue of casual employment being raised by respondent and, more particularly, it is to be noted that there was no denial that petitioner met with the accident arising out of and in the course of her employment. This hardly sufficed to put petitioner on notice that respondent intended to rely upon a contention of casual employment. Indeed, petitioner could logically infer from the pretrial memorandum that she was not to be confronted with that defense, particularly since the memorandum only called for a determination of the question of rate and the amount of compensation to be awarded. In considering the same problem the court, in *Stein v. Felden, supra,* stated:

"Without question the better practice is for the respondent affirmatively to plead the defense in the answer or, at least, as was done in the Burdick case, expressly to deny that petitioner is an employee within the meaning of the terms and provisions of the

act. The petitioner is entitled to fair notice of the defenses he will be called upon to meet at the hearing." (17 *N. J. Super.*, at *p.* 315)

Respondent was not without an opportunity to express the contention of casual employment inasmuch as section 2, subdivision 3, of the rules of the Division of Workmen's Compensation, provides:

"The pre-trial conference forms prescribed by the Division of Workmen's Compensation reciting the action taken at the conference shall be completed and shall be signed by the parties or their respective attorneys and by the presiding Judge of Compensation or Referee, whereupon the parties shall be bound thereby, subject only to such amendment as the hearing official in his discretion shall allow for good cause shown."

There is nothing in the record to indicate that upon receipt of the letter from respondent referring to *Herritt v. McKenna, supra,* the hearer below gave notice to both parties that he would consider, before deciding the matter, any proposed amendment to the pretrial memorandum. No opportunity was, of course, given to petitioner's attorney to object to the allowance of such an amendment.

"Clearly, when an amendment is sought over objection it should not be allowed in a manner prejudicial to the opposing party. The practice followed in the courts should obtain. *Hahn v. Hahn,* 17 *N. J. Super.* 17 *(App. Div.* 1951) ; *Rule* 3:15–2.
* * * If the objecting party makes a showing of surprise or other good reason, the practice of the deputy director should be to grant such continuance and opportunity as may reasonably be required to enable the objecting party to meet the amendment." *Stein v. Felden, supra,* at *p.* 315 of 17 *N. J. Super.*

It is within the power of the court to order a remand where, by reason of circumstances, a petitioner has not been afforded an opportunity to adequately meet an issue raised after trial but before a decision is rendered. In the present case the court is satisfied that the evidence shows petitioner was not a casual employee and hence remand is deemed unnecessary.

## III.

Petitioner was employed as a baby sitter by the respondent. She sustained an injury as the result of slipping on a rug in respondent's home during one of her evening engagements. As to the duration of petitioner's employment, the testimony is in conflict. Petitioner stated that she worked for respondent during the day and in the evening approximately three times a week over a period of four years. Respondent stated she employed petitioner for a period of eight months to a year prior to the accident, that petitioner worked for her approximately every two weeks, and would be called when she was needed.

Respondent lays great stress on the fact that in *Herritt v. McKenna, supra,* the court found that petitioner, a baby sitter, was a casual employee. In that case petitioner had been employed by the respondent over a period of two months on eight separate occasions as a baby sitter. Each engagement was a separate hiring. Petitioner was then hired for one engagement of five straight days while the parents were traveling. During this period she was injured. The court treated this engagement the same as the other eight engagements. It held that the employment was not steady and permanent for more than a single piece of work, and since there was no arrangement for further services without a new hiring, the requirement of "work to be performed without further engagement" was not met, therefore the baby-sitting job or jobs did not satisfy the statutory requirement of a "recurring" or "periodic" employment.

In the case at bar, however, even accepting respondent's testimony alone, we have an employment over a long period of time, that recurring at least every two weeks. Implicit in the conduct of the parties over the period of at least eight months to a year is a basic agreement to have a regularly recurring employment with the mutual expectation of continuation for an indefinite period. An employer cannot escape liability for compensation by simply splitting up

an employment of a recurring, regular or periodic nature into separate engagements. Regard must be had to the basic understanding between the parties, as revealed by their conduct, not the form of their hiring practice. However, to this must be added the qualification that the avowed principle of liberal construction of the Workmen's Compensation Act may not properly be invoked to justify tolerant acceptance of contradictory, uncertain and unconvincing proofs in discharge of a petitioner's burden of proof. *Grotsky v. Charles Grotsky, Inc.*, 121 *N. J. L.* 461, 465 (*Sup. Ct.* 1938), affirmed 124 *N. J. L.* 572 (*E. & A.* 1940).

In *Stewart v. Brant*, 19 *N. J. Misc.* 37, 17 *A. 2d* 275, (Dept. Labor, 1940), petitioner was a domestic working for respondent every week or two for half a day. The court held:

"But where the work, as in the case at bar, is more or less regular and recurring, although separated by intervals, the respondents cannot escape liability by adopting a system of daily engagements, predicated on a new contract or hire for each engagement."

In *Harrington v. Garrison*, 11 *N. J. Misc.* 754, 168 *A.* 166 (*Sup. Ct.* 1933), petitioner testified that she worked for respondent three days each week, the particular days not being specified, but being such as respondent would deem necessary. Respondent testified that petitioner worked one day a week, coming on call. In holding that the employment was at least "recurring," the court quoted from Judge Hartshorne's opinion for the court below that "[c]learly there was a basic agreement." The court further stated:

"Miss Harrington was in effect a part-time servant in the prosecutor's employ, and her service had at least this degree of regularity, that the employment was for a part of every week that the Garrisons were at home over a long period of years and for a minimum of one day in each of those weeks. In this long repetition of weekly service, in the acceptance of it as a regularly recurring fact and in the mutual expectation of continuation, we find a condition utterly at variance with the common understanding of, as well as with the statutory definition of, a casual employment."

The general rule may be stated as follows:

"[W]here one is employed to do a particular kind of work, which employment recurs with regularity, and where there is a reasonable ground that such recurrence will continue for a reasonable period of time, such employment is not casual." 99 *C. J. S. Workmen's Compensation* § 69, *p.* 287.

 This court concurs in the inference drawn from the testimony by the judge of compensation that the employment was recurring, and similarly places credibility in petitioner's testimony that she was a baby sitter for the respondent for a period of four years, that she worked for respondent three times per week during said period, and that there was a basic agreement that said employment was to recur each week.

The testimony of petitioner bearing upon the point was brought out when, on direct examination concerning the number of times she worked for respondent, she was asked:

"Q. Was it any steady day or as they would need you?
A. No, as they would need me. It wasn't a regular day."

On cross examination petitioner similarly stated:

"Q. Was it any specific night of the week or when would you work for them—when they needed you?
A. When they needed me."

The construction placed upon this testimony by the court below, and concurred in by this court, is that, when considered along with all the other testimony in the case as to the duration of her employment, the entire testimony raises an inference that petitioner's employment was expected to recur weekly, with respondent having the option of selecting the daily engagements, and that this is what petitioner meant in her testimony.

## IV.

The next issue to be considered is the proper method of computing petitioner's compensation rate. Respondent argues that since petitioner was injured on a night job, the rate should be based on the hours she worked at night multiplied by five days. Petitioner testified that she worked as a baby sitter four days a week, from 9 or 10 A. M. to 5 P. M., and three or four nights a week from 8 or 9 P. M. to 1 or 2 A. M.

The statute controlling rate in workmen's compensation cases, *N. J. S. A.* 34:15–37, provides as follows:

"Where the rate of wages is fixed by the hour, the daily wage shall be found by multiplying the hourly rate by the customary number of working hours constituting an ordinary day in the character of the work involved. In any case the weekly wage shall be found by multiplying the daily wage by five, or if the employee worked a greater proportion of the week regularly, then by five and one-half, six, six and one-half or seven, according to the customary number of working days constituting an ordinary week in the character of work involved."

Respondent argues that petitioner's rate should have been based upon the number of hours customarily worked by persons performing night baby-sitting jobs on a full-time basis. Petitioner contends her rate should be computed on the basis of at least a 40 hour week, plus one meal.

The judge of compensation based his computation on the work week that is more or less recognized by industry as a regular work week in this area, a work week of five days of eight hours each. An allowance of one meal daily was made as the testimony indicated petitioner was entitled to one meal during the course of the day.

Respondent's contention that as petitioner was injured on a night baby-sitting job, she should be limited to night baby-sitting hours in computation of her rate is untenable. When an employee is injured he is incapacitated in all of his endeavors constituting an ordinary week in the character of the work involved. See *Maver v. Dwelling Managers*

*Co.*, 34 *N. J.* 440 (1961). In this case petitioner's employment was full-time for various employers. Baby-sitting is the kind of employment that is done during the day and at night. To say that petitioner had two different employments, day baby-sitting and night baby-sitting, is erroneous.

For the reasons expressed herein, the judgment of the Division of Workmen's Compensation, both as to the question of casual employment and computation of compensation, is affirmed.

An appropriate order may be submitted.