643 A.2d 662

NICOLENA DeMARCO, PLAINTIFF, v. STEPHEN
V. & MARY LOU BOUCHARD, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Atlantic County

Decided April 19, 1994.

*Gary D. Ginsberg* for plaintiff.

*Alan J. Cohen* for defendants (*Sills Cummis Zuckerman Radin Tischman Epstein & Gross,* attorneys).

WINKELSTEIN, J.S.C.

In this case the court is asked to decide whether plaintiff, Nicolena DeMarco, a baby-sitter at the residence of defendants, Stephen V. Bouchard and Mary Lou Bouchard, qualifies as an employee of the defendants under the Workmen's Compensation Act, *N.J.S.A.* 34:15–1–34:15–128 (the Act), or was a casual employee and eligible to maintain a common law action for negligence.[1] The defendants, the employers, are seeking a declaration that plaintiff is subject to the Act, while plaintiff argues she is not subject to the Act and is free to proceed at common law. The only case law in this jurisdiction bearing upon this issue is from the point of view of an employee seeking compensation coverage, rather than disclaiming such coverage. No facts are in dispute and the matter is ripe for summary judgment. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 74–75, 110 *A.*2d 24 (1954).

For purposes of this motion the undisputed facts follow.

Plaintiff was injured at the home of defendants on January 16, 1993. She tripped and fell while walking along an uneven brick walkway leading from defendants' home to the street. She had been baby-sitting for defendants' two daughters for approximately two hours at the time the incident happened. Defendants had returned home and paid her $20 for her services. She had never previously been employed as a baby-sitter for defendants and there was no agreement for defendants to employ her in a like capacity in the future.

---

[1] This opinion is inclusive of the comments I placed on the record following oral argument on April 15, 1994.

At the time of the accident defendants had in force a home-owner's policy with Cumberland Mutual Fire Insurance Company. It included coverage for occasional servants. Defendants submitted a workers' compensation claim seeking coverage for the accident. They argue there was an employment relationship between plaintiff and defendants at the time of the accident.

*N.J.S.A.* 34:15–36 defines "employer" for purposes of workers' compensation as follows:

"Employer" is declared to be synonymous with master, and includes natural persons, partnerships, and corporations; "employee" is synonymous with servant, and includes all natural persons, ... who perform service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring; ...

Since the employment was not in connection with any business of defendants, plaintiff would not be considered an employee if her employment was not regular, periodic or recurring.

In *Herritt v. McKenna,* 77 *N.J.Super.* 409, 186 *A.*2d 694 (App. Div.1962), both the Division of Worker's Compensation and County Court denied recovery to a petitioner in a workmen's compensation action, finding that she was a casual employee, and not entitled to compensation coverage. The petitioner was 70 years old and was injured in a fall at defendants' home. She was working as a baby-sitter for the defendants' three children at the time of the accident. She had worked for defendants on eight isolated occasions in September and October 1960 and was paid a specific hourly rate, with a minimum dollar amount for any single engagement. She was employed on specific dates but the hours varied in both the time of commencement and duration. She was paid at the end of each specific service. She considered baby-sitting her usual occupation. At the time of the accident she was engaged from October 30 through November 4, 1960, to look after the children, cook their meals and perform some housekeeping. *Id.* at 412, 186 *A.*2d 694. She was paid $10 per day, for a total of $60 for the six days of engagements.

In determining whether plaintiff was an employee for purposes of worker's compensation, the court defined the term casual employment as follows:

The words, as used in this act, connote that employment is regular when it is steady and permanent for more than a single piece of work; recurring, when the work is to be performed at some future time by the same party, without further engagement; and periodic, when the work is to be performed at stated intervals, without further engagement. *Forrester v. Eckerson*, 107 *N.J.L.* 156, 158 [151 *A.* 639] (E. & A.1930).

[*Id.* at 413, 186 *A.*2d 694].

The court reasoned that all of plaintiff's services were for isolated periods, disassociated from each other, without continuity, and created by specific, separate agreements. It was concluded that the circumstances of her employment were not sufficient to qualify her as a "regular" employee. *Id.* at 415, 186 *A.*2d 694. In rendering its decision the court relied upon the lack of any agreement to do future work at the time prior engagement ended, and the fact that the work was not performed "at stated intervals without further engagement." *Id.* at 416, 186 *A.*2d 694.

In the instant case the facts are even more compelling than those in *Herritt* upon which to conclude that plaintiff's work was casual, and not regular, periodic or recurring. Plaintiff baby-sat for defendants only once, the night of the accident. This was an isolated employment arrangement as there was no agreement at that time for her to baby-sit in the future. There are no facts from which it can reasonably be inferred that there would be a recurrence of her employment as a baby-sitter.

Defendant argues that the decision in *Balmforth v. McMurray*, 81 *N.J.Super.* 109, 194 *A.*2d 755 (Cty.Ct.1963), supports a conclusion that, even without the incident of continuing employment, plaintiff can be considered an employee under the Act. Defendants' argument is misplaced.

In *Balmforth* the petitioner in a workers' compensation action was a baby-sitter employed by the respondents and sustained an injury as a result of slipping on a rug in respondents' home. The testimony conflicted as to the type and duration of her employment. The respondents stated the petitioner was employed for a

period of eight months to a year before the accident, worked for them approximately every two weeks, and was called when she was needed. The petitioner said she worked during the day and in the evening, approximately three times a week, over a period of four years. The court in *Balmforth* concluded that under either set of facts the employment was over a long period of time and recurred regularly. Implicit in the conduct of the parties, with employment over a period of at least eight months to a year, was a basic agreement to have regularly recurring employment with a mutual expectation of continuation for an indefinite period. *Id.* at 116, 194 *A.*2d 755. The court went on to note "[r]egard must be had to the basic understanding between the parties, as revealed by their conduct, not the form of their hiring practice." *Id.* at 116–117, 194 *A.*2d 755.

The decision in *Balmforth* is not inconsistent with *Herritt.* The facts are merely different. The *Balmforth* court concluded, based on at least eight months of biweekly employment, that there was a basic understanding between the parties for recurring, regular employment, although it was broken up into separate engagements. The *Herritt* court found no recurring employment based on eight isolated baby-sitting jobs over a period of two months with no promise of future employment when each job terminated. The facts of the instant case fall squarely under *Herritt.* The basic understanding between the parties, as revealed by their conduct as to each other, was that the baby-sitting job at the time of the accident was a one time only occurrence. There was no prior history of baby-sitting between plaintiff and defendants nor was there any agreement, either explicit or implicit, for plaintiff to baby-sit for defendants in the future.

The fact that defendants had obtained workers' compensation insurance coverage for baby-sitters is not dispositive. The insurance contract afforded coverage only within the limits of the Act. Since plaintiff is a casual employee under the Act, coverage would not be applicable to plaintiff.

Defendants argue that a conclusion that plaintiff was a casual employee would render the insurance coverage nugatory. I disagree. It may be that in the future defendants have occasion to employ a baby-sitter on a regular, recurring basis. Coverage may then be applicable. Although if plaintiff had been working for defendants on a regular, recurring basis when this accident happened, she may have been subject to the workers' compensation provision of the defendants' insurance coverage, since at the time of the instant accident there was no such arrangement, plaintiff does not qualify as an employee under the policy.

Defendants further argue that under *N.J.S.A.* 34:15–9 plaintiff is presumed to have accepted coverage under the Act. The statute reads, in part, as follows:

Every contract of hiring made subsequent to the fourth day of July, one thousand nine hundred and eleven, shall be presumed to have been made with reference to the provisions of this article, and unless there be as a part of such contract an express statement in writing prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of this article are not intended to apply, then it shall be presumed that the parties have accepted the provisions of this article and have agreed to be bound thereby.

This presumption is, however, subject to the employee qualifying for coverage under the Act. Whether plaintiff was a casual employee remains the determinative factor. *Clayton v. Ainsworth*, 122 *N.J.L.* 160, 4 *A.*2d 274 (E. & A. 1938).

The Act is designed to insure that employees incurring work related injuries will be compensated expeditiously for their losses without proof of fault. *Galante v. Sandoz, Inc.*, 192 *N.J.Super.* 403, 408–409, 470 *A.*2d 45 (Law Div.1983). Inherent in that purpose is the existence of an employer-employee relationship as defined by the Act. A conclusion that plaintiff's employment was casual, and not within the confines of the Act, is not inimical to the purposes of the Act.

The operative facts are not disputed. When only one reasonably justifiable conclusion can be made from the undisputed facts, summary disposition is proper. *Lima & Sons, Inc. v. Borough of Ramsey*, 269 *N.J.Super.* 469, 635 *A.*2d 1007 (App.Div.1994). I find

that plaintiff was a casual employee at the time of the accident and not subject to the Act, and as such she is entitled to proceed with her third party common law action.