CHARLES W. ALPAUGH, PLAINTIFF, v. PHOEBE A. CONKLING, DEFENDANT.

Submitted December 3, 1914—Decided October 4, 1915.

Under section 5 of the Executors and Administrators act (*Comp.. Stat., p.* 2260) a right of action for libel or slander does not survive as against the personal representatives of the tort feasor in the absence of any special damage to property rights.

---

On motion to substitute personal representative of deceased defendant on the record.

Before Justices SWAYZE, PARKER and KALISCH.

For the plaintiff, *George E. Clymer.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

PARKER, J. The suit is for slander. After suit was begun and declaration (complaint) filed, defendant died, and the motion is to suggest her death upon the record, and proceed against her administrators as provided by section 3 of the Abatement act. *Comp. Stat., p.* 4. This can be done, under the terms of that section, if the action might have been originally prosecuted or maintained against the executors or administrators of the defendant; in other words it depends upon whether the cause of action is one that survives. As it would not survive at common law, the solution turns on the meaning and effect of section 5 of the Executors and Administrators act (*Comp. Stat., p.* 2260) which provides that where any testator or intestate shall in his or her lifetime, have taken or carried away or converted to his or her use the goods and chattels of any person or persons, or shall in his or her lifetime have committed any trespass to the person or property, real or personal, of any person, &c., such person shall have the same action against the personal representative as would have lain against the deceased if living. This is the converse of section 4 providing for an action by the personal representative of the injured party in similar cases.

The question to be determined is whether slander is a wrong that is covered by the language of these sections of the Executors act. If it is, the action survives and the motion should prevail. If it is not, the action abates by the common law, and the motion should be denied.

It is plainly not within the clause relating to conversion of chattels. Plaintiff claims, and the administrators deny,

that slander was intended to be included in the clause "trespass to the person or property."

In *Ten Eyck* v. *Runk*, 31 *N. J. L.* 428, the word "trespass" was held to have the broad meaning of "tort." So the question is presented whether slander is a tort to the person or property. In this aspect counsel for plaintiff relies on the remark of Chief Justice Beasley in that case (at *p.* 431), that "the effect of the provision is to give a right of suit against the personal representatives of a deceased wrong-doer for any injurious act of a suable nature, without reference to the form in which the remedy must be sought." It is to be noted, however, that the eminent Chief Justice was considering the meaning of the word "trespass" as used in the statute, and not that of the words "person or property" which cut no figure in that case as the suit was plainly for an injury to property, being based on defendant's milldam causing water to back up on plaintiff's land. In *Hayden* v. *Vreeland*, 37 *Id.* 372, the suit was for breach of promise of marriage. Substitution of the personal representative was denied because the injury was held to be essentially contractual and not tortious, and the action did not survive as a contract action because the injury was purely personal. In *Noice* v. *Brown*, 39 *Id.* 569, the action was for seduction of a daughter, and suit by the personal representative of the mother was supported on the ground that the gist of the action was the loss of services of the child *quâ* servant, *i. e.*, the violation of a property right. It is true that Justice Van Syckel said (at *p.* 571): "The damages being partly punitive, the action should survive, on the ground of public policy that the punishment may fall on the wrong-doer." He also said (*Ibid.*): "Feeling being as much a part of the person as the physical frame, no reason appears why an injury to the former is not as much a tort to the person as an assault would be." This, while doubtless unnecessary to a decision of the case then at bar, should perhaps be followed by us but for the later deliverance of the Court of Errors and Appeals in *Cooper* v. *Electric Co.*, 63 *Id.* 558, where Mr. Justice Depue (on *p.* 562), pointed out that in *Noice* *v.*

Brown it was the injury to property rights which gave to the suit the quality of survivorship. It would seem, therefore, that Noice *v.* Brown is not now an authority for the proposition that an injury to the feelings is a tort to the person, in the meaning of the act. And an examination of other statutes and of the decisions thereon leads us to the conclusion that the legislature did not intend that libel or slander, considered purely as injurious to the feelings and reputation, and apart from special damage, should survive to the personal representative. Thus, in section 3 of the Limitations act (*Comp. Stat.,* p. 3164) occurs the phrase "injuries to persons." This is held in *Crane* v. *Ketchum,* 83 *N. J. L.* 327, 328, to exclude a suit for alienation of a wife's affections, citing *Hodge* v. *Wetzler,* 69 *Id.* 490, which involved section 23 of the Practice act of 1903 (*Comp. Stat.,* p. 4058), where the legislature itself drew a distinction between an injury to the person and an injury to the reputation. The distinction in point of damages is settled; for in libel and slander, damages for physical sickness caused by the libel or slander are not recoverable. *Butler* v. *Hoboken, &c., Co.,* 73 *Id.* 45.

In Massachusetts and Rhode Island the statute on this topic speaks of "actions on the case, for damages to the person;" and in both states it has been held that it did not work a survival of suits for injury to the feelings and reputation. *Walters* v. *Nettleton,* 5 *Cush.* 544; *Nettleton* v. *Dinehart, Id.* 543 (malicious prosecution); *Young* v. *Aylesworth* (*R. I.*), 86 *Atl. Rep.* 555 (conspiracy to defame). Our conclusion is that the words "trespass to the person or property" in section 5 of the Executors and Administrators act, do not include libel or slander apart from special damage to property rights; and as no such damage is now alleged, it is unnecessary to consider whether the action would survive in such a case. The motion to bring in the personal representatives of the deceased defendant is therefore denied.