CARL CLAUSEN, PROSECUTOR-PETITIONER, v. WILLIAM DINNEBEIL, DEFENDANT-RESPONDENT.

Submitted May 7, 1940—Decided September 20, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutor-petitioner, *David T. Wilentz.*

For the defendant-respondent, *Breslin & Breslin (James A. Major* and *John J. Breslin, Jr.,* of counsel).

PER CURIAM.

In this compensation case the bureau and the reviewing court are in sharp disagreement—the bureau having allowed compensation and the Pleas, on appeal, reversed and dismissed the petition. This court allowed *certiorari* and the single disputed question is whether petitioner, Clausen, was an employe within the meaning of the statute—*R. S.* 34:15-36—which, so far as pertinent here, reads as follows:

"* * * 'employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

The deputy commissioner held that the accident arose out of and in the course of the employment. The Common Pleas, on appeal, held that whether the petitioner was employed in the business of the respondent or was employed at a task unconnected with the regular business of the respondent, nonetheless the employment was casual and the petitioner was not entitled to the benefits of the Workmen's Compensation act. In this conclusion we think the Pleas was entirely right.

The facts are that the petitioner, a carpenter by trade for many years, had known respondent for about twenty years and had previously worked for him, and for a building corporation in which respondent was an officer, as a carpenter. The building corporation, Modern Building Company, had employed the petitioner to do repair work on its houses and the respondent likewise had employed him for repair work on houses which respondent personally owned. The building corporation built no houses subsequent to 1929. The respondent was engaged in no business as such of his own but supported himself from the rent he received from the houses which he owned. From time to time the petitioner would inquire of respondent whether there was any carpenter work to be done or when occasion required the

respondent would stop at the house of the petitioner to inform him that his services were needed. The petitioner claimed that he had done all the carpentry work for the respondent for the past three years. This the respondent denied. At the time of the injury petitioner was working, together with the respondent, putting a new roof on the latter's home. His wages amounted to $1 an hour for an eight-hour day. He fell from the roof, was injured, and the respondent voluntarily paid him compensation at the rate of $20 per week. This carpentry work was not regular or steady "of late years" according to the petitioner's own testimony.

The respondent testified that he was not engaged in any business; that he is not in the business of renting, improving or selling real estate, but had the income for the houses which he owns. He further said that in March, 1938, a storm had damaged part of the roof of his home in Leonia; that he was discussing the matter of the damage with his brother when Clausen happened into the office and asked for work, whereupon the respondent advised the petitioner that he could work with the respondent in repairing the roof which had been damaged by the wind storm. Respondent denied that there was any discussion as to wages and denied that Clausen did all his carpenter work. He named two others who also did such work. He further denied that he hired petitioner regularly and said that the last work Clausen had done for him had been a year or more previous to the job on which petitioner was injured.

Respondent's testimony concerning the particular hiring for the roof repair work was corroborated by George Dinnebeil, his brother.

We conclude that the employer in this instance was not in a regular business. Looking after his own property—six houses—and collecting the rent of same, as well as making occasional repairs, can hardly be considered a business, but even if it were, nonetheless the occasion and the actual employment arose by chance—in this case damage done to the roof of the respondent's home by a storm.

The statute does not provide compensation for employes

whose employments are casual which, when it arises in the employer's business, is defined to be that employment that arises by chance or is accidental and if not in connection with the employer's business, where the employment is not regular, periodic or recurring. It might be considered that the case of *Jasnig* v. *Winters,* 115 *N. J. L.* 320; *affirmed,* 116 *Id.* 181, was hepful to the petitioner, but that case is readily distinguishable from the instant case on the facts. In the Jasnig case it was determined by the court that the work of the petitioner was "recurring" within the contemplation of the statute. Under the testimony here we conclude that the work was not recurring or periodic, but casual. Concluding as we do that the work of the employe was casual, it becomes immaterial whether the injury was received while the petitioner was at work at a task connected with the business of the employer or was suffered during a service which was not in connection with the business of the employer. *Forrester* v. *Eckerson,* 107 *Id.* 156.

The writ of *certiorari* will be dismissed and the judgment of the Pleas affirmed, with costs.