71 N.J. Super. 171 (1961)
176 A.2d 497
ALBON S. BERKEYHEISER, PETITIONER-APPELLANT,
v.
MOLLIE S. WOOLF, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 20, 1961.
Decided December 26, 1961.
*172 Before Judges CONFORD, FREUND and LABRECQUE.
*173 Messrs. Lenox, Giordano & Lenox (Mr. Richard J.S. Barlow, Jr., of counsel, on the brief), attorneys for appellant.
Messrs. Carroll, Taylor & Bischoff (Mr. W.C. Williams, Jr., on the brief), attorneys for respondent-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal from the final judgment of the Mercer County Court affirming the dismissal of a petition for compensation by the Division of Workmen's Compensation.
The question is whether an employer-employee relationship existed between petitioner and respondent for purposes of the Workmen's Compensation Act.
The petitioner seeks compensation payments for an injury to his right eye and facial scars sustained on July 12, 1958, when an electric drill he was operating struck a live electric wire while he was doing a repair job for respondent, Mollie S. Woolf, in his spare time from his regular employment. At the time of the accident he was regularly employed by St. Regis Paper Co. as a pipefitter, seven and one-half hours a day, five days a week, earning $108 weekly gross. The respondent is the owner of a row of five or six remodeled buildings in Trenton. From time to time, since about 1956, the petitioner performed odd jobs for respondent.
The nature of the work petitioner claims he performed for respondent may be summarized as follows. In August of 1956 or 1957 he first repaired some doorbells. In September 1957, in an hour and a half to two hours, he made temporary repairs to a damaged ceiling in one of the buildings. The next work consumed about two hours when he repaired doorbells and installed shields over them to prevent children from unnecessarily pushing on them. In November 1957 he repaired apartment windows that had been damaged by a deliveryman; he received $18 for six hours' labor. Later he installed two window sashes in *174 one of respondent's apartments and charged for six hours' work. In February 1958 he worked all day replacing and repairing outlets, ceiling fixtures and switches. The accident for which he seeks compensation occurred when petitioner, using an electric drill borrowed from his son, started to install an electric outlet for a refrigerator in respondent's home.
Petitioner testified that he never held himself out to the general public as being available for performing electrical or repair work. During the period of his work for respondent he had done repair work for only one other person, one of respondent's tenants. When she had a repair to be made, she would telephone to petitioner's home and speak to him or his wife. There was never any definite arrangement. She would tell petitioner the work she wanted performed and he would do it when he was not engaged in his regular daily employment. Respondent provided the necessary materials used in the work, or petitioner would purchase them at a store located on respondent's property and charge them to her account. Petitioner used respondent's or his own tools to perform the jobs. Whenever a job was completed he would tell respondent the number of hours consumed and she paid him at the rate of $2.50 or $3 an hour. Petitioner did not keep any records of the work performed or the time consumed for each job. There were received in evidence receipts signed by petitioner, one dated November 2, 1957, amounting to $18 for six hours of labor for repairing window damage, and another, dated February 18, 1958, amounting to $18 for six hours of work repairing electric outlets, switches and fixtures.
The respondent testified that she did not withhold any money from petitioner's pay for social security or withholding tax, as she was under the impression that such reductions were unnecessary since petitioner was making less than $50 on each occasion.
Petitioner's claim was dismissed by the judge of the Division of Compensation on the ground that petitioner *175 was an independent contractor and not an employee of the respondent at the time of his injury. On appeal, the County Court, in making an independent review, affirmed the dismissal of the claim petition on the same basis, since respondent had no control over the manner of the work to be accomplished.
On this appeal the petitioner urges as grounds for reversal: (1) that the test of control to establish an employer-employee relationship was not decisive under the proofs, since the character of the work, in the light of his experience, obviated the need for respondent to direct the details of the work; (2) that the work performed by petitioner was essential to the maintenance and operation of respondent's business enterprise, and since he was not engaged in any independent business he was, under the circumstances, an employee of the respondent.
We are thus called upon to determine whether petitioner's evidence preponderates in favor of his claim for compensation as an employee of the respondent within the intent of the act. Epps v. Gold, 61 N.J. Super. 355, 361 (App. Div. 1959), affirmed 32 N.J. 344 (1960).
Casual employees have long been excluded from compensation coverage, N.J.S.A. 34:15-36. Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930); Gray v. Greenwood, 129 N.J.L. 596 (Sup. Ct. 1943), affirmed 130 N.J.L. 558 (E. & A. 1943); Clausen v. Dinnebeil 125 N.J.L. 223 (Sup. Ct. 1940). Although the statutory definition of casual employment has been found to be unserviceable in its practical application, nevertheless, the term "casual" at least connotes a relationship relatively brief and passing, coming without regularity. Graham v. Green, 31 N.J. 207, 210-211 (1959). Cf. 1 Larson, Workmen's Compensation Law (1952), § 51, p. 759; Annotation, "Workmen's Compensation: What is Casual Employment," 107 A.L.R. 934 (1937). Independent contractors are also usually excluded from coverage. Errickson v. F.W. Schwiers, Jr., Co., 108 N.J.L. 481 (E. & A. 1932); *176 58 Am. Jur., Workmen's Compensation, § 137, p. 669. For compensation purposes, the independent contractor group encompasses those who do a piece of work according to their own methods without being subject to the employer's control as to the means by which the work is to be done. Wilson v. Kelleher Motor Freight Lines, Inc., 12 N.J. 261, 264 (1953); Cappadonna v. Passaic Motors, Inc., 136 N.J.L. 299 (Sup. Ct. 1947), affirmed 137 N.J.L. 661 (E. & A. 1948); Errickson v. F.W. Schwiers, Jr., Co., supra (108 N.J.L., at p. 483). Overlapping between casual employees and independent contractors is common, and it is not unusual that a petitioner falls into either or both unprotected classes. Brown v. Grand View Auditorium, Inc., 17 N.J. Misc. 319, 8 A.2d 821 (Dept. Labor 1939). Accordingly, our primary concern is not so much into precisely which class this part-time repairman falls, but rather whether he qualifies as a member of the protected group of workmen within the fair meaning of the statute.
In Condon v. Smith, 37 N.J. Super. 320 (App. Div. 1955), affirmed 20 N.J. 557 (1956), petitioner was in business as a painting contractor and so represented himself to the public. He had previously been engaged by respondent to do some painting on a flat contract price. He was currently employed to repair a barn roof, his compensation being fixed at an hourly rate, plus cost of materials. Respondent withheld no income tax or social security deductions from payments made to him, did not carry him on the payroll and had no control over the details of the work. He came and went as he pleased and was his "own boss on the job." He was denied compensation when he fell from the roof and was injured. From all the circumstances, especially the lack of control over the details of the work, it was held that no employer-employee relationship existed within the purview of the Compensation Act. The facts in this case and those in Condon are similar, except that here there was a greater degree of recurrency and petitioner did not hold himself out to the general *177 public as a repairman. The noteworthy differences are that the painter was employed on but one occasion, his full-time business was that of a painting contractor, and he charged for the materials used. Otherwise the two cases are alike in all important respects.
The petitioner relies upon the dissenting opinion in Marcus v. Eastern Agricultural Ass'n, Inc., 58 N.J. Super. 584 (App. Div. 1959), adopted upon reversal in 32 N.J. 460 (1960). It is true that Marcus downgrades the element of control when the employee is so skilled that it is unnecessary for his employer actively and extensively to supervise or control the manner in which the work is to be performed. However, recovery of compensation was sustained on the basis of the "relative nature of the work test," previously applied in Hannigan v. Goldfarb, 53 N.J. Super. 190, 205 (App. Div. 1958), and for the reason that the petitioner substantially depended upon the employer's business for his livelihood. The present plaintiff had a regular and permanent full-time job elsewhere at a substantial salary. He had no expectation of regular and steady employment by the respondent. The odd jobs he did for respondent occurred at irregular and isolated occasions and only when the need arose. Petitioner did not perform the repairs on a regular schedule, but he himself chose the times when he would appear to make the repairs. The very irregularity of the work and petitioner's economic independence distinguish this case from Marcus.
We conclude that the character of the work was such as to preclude petitioner from the right to compensation under the Workmen's Compensation Act. We have accepted all his factual contentions as true, but they do not establish the essential existence of an employer-employee relationship. Whether he was more a casual employee or an independent contractor need not be decided. There is no merit to petitioner's claim that would justify an award, either within the letter or spirit of this remedial legislation.
Affirmed.