GEORGE J. EMMANUEL, EXECUTOR (ESTATE OF JOHN T. EMMANUEL) *v.* RICHARD BOVINO

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 146221

Memorandum filed October 18, 1966

*Alexander A. Goldfarb,* of Hartford, for the plaintiff.

*Pasquale R. Ierardi,* of Hartford, for the defendant.

WRIGHT, J.  The defendant has moved to erase this action from the docket on the claim that an alienation of affections suit must abate upon the death of the plaintiff. It is conceded by counsel that the original plaintiff died on August 24, 1966.

This court must now decide whether the cause of action for alienation of affections survives the

death of the plaintiff. Our Connecticut survivorship statute, General Statutes § 52-599, provides in part as follows: "No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but it may be continued by or against the executor or administrator of such decedent. . . . The provisions of this section shall not apply to any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto; nor to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants; nor to any civil action upon a penal statute." The defendant's counsel claims that an action for alienation of affections is purely a personal matter that lives or dies with the plaintiff. He further claims that there are no property rights involved.

On the other hand, the plaintiff points out that the gist of a suit for alienation of affections is a quasi property right, namely the loss of consortium (to which may be added damages for mental anguish and injury to health, character and feelings). *Valentine* v. *Pollak*, 95 Conn. 556; *Lockwood* v. *Wilson H. Lee Co.*, 144 Conn. 155, 157. Furthermore, the plaintiff's counsel cites *Pickett* v. *Ruickoldt*, 91 Conn. 680, 683, where the following interpretation of our survivorship statute was set forth: "Under this statute the survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear by way of exception to the rule."

A note in 48 Harvard Law Review 1008 refers to the Connecticut survival statute as being one of the six broadest statutes in the land. Under a similar statute in Georgia, it was held that an alienation of affections action survives the death of either party. *Posner* v. *Koplin,* 94 Ga. App. 306.

An analogy may be made between alienation of affections on the one hand and libel and slander on the other hand. In the case of defamation of character, there is even less of a property right involved, because the lacerated feelings and the shunning by society are the basis for recovery under the latter type of action. Yet in 29 Michigan Law Review 969 (Evans, "A Comparative Study of the Statutory Survival of Tort Claims for and against Executors and Administrators"), where the various survival statutes throughout the country were reviewed, it was the author's opinion that the Connecticut statute was broad enough to permit the survivorship of a libel or slander action.

The motion to erase is therefore denied.