112 N.J. Super. 502 (1970)
271 A.2d 738
MARY B. WELLER, JOSEPH N. SEMPLE AND MARGARET M. SEMPLE, PLAINTIFFS,
v.
HOME NEWS PUBLISHING COMPANY, A NEW JERSEY CORPORATION, ST. PETER'S GENERAL HOSPITAL, A NEW JERSEY CORPORATION, AND JEFFREY MURRAY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 10, 1970.
*504 Mr. Thomas E. Hood for plaintiffs (Messrs. Seaman and Clark attorneys).
Mr. Franz J. Skok for defendant Home News Publishing Company (Messrs. Seiffert, Frisch and Gruber, attorneys).
Mr. William R. Cohen for defendants St. Peter's Hospital and Jeffrey Murray (Messrs. Cohen, Hoagland, Cohen and Keefe, attorneys).
FURMAN, J.S.C.
Defendants move for summary judgment (R. 4:46). The complaint filed December 3, 1968 and the pretrial order entered September 12, 1969 allege libel of Mrs. Weller, who died on August 19, 1970, and of her daughter and son-in-law, Mr. and Mrs. Semple, and invasion of Mrs. Weller's right of privacy. The facts, which are substantially undisputed, are unusual.
Mrs. Weller in 1967 was a paying patient in defendant hospital suffering from a heart affliction. Defendant Murray as its public relations director prepared a series of three articles dealing with charity patient care. Defendant newspaper published these articles. The second had as its central figure Prudence "Grandmom" Pickett, a charity patient not eligible for Medicare, cheerful, unselfish and destitute. "Grandmom" Pickett was fictitious, although the article, which was published on Sunday, December 10, 1967, did not so state. The accompanying photograph, captioned *505 "Grandmom" Pickett, was that of Mrs. Weller in a walker in profile view.
A release entitled "Photographic Consent" is alleged but not relied upon by defendants on this motion. Plaintiffs deny such consent.
As to Mrs. Weller's causes of action for libel and invasion of privacy, defendants urge their abatement upon her death during the pendency of the litigation. The authority cited is Alpaugh v. Conkling, 88 N.J.L. 64 (Sup. Ct. 1915), which held that the survival statute (now N.J.S.A. 2A:15-4) did not apply to a cause of action for slander by the decedent, who died during the pendency of the litigation. Justice Parker stated broadly (at 67) that "the conclusion that the Legislature did not intend that libel or slander, considered purely as injurious to the feelings and reputation and apart from special damage, should survive to the personal representative."
Alpaugh has been cited as the law of New Jersey in the Federal District Courts for New Jersey and for the Southern District of New York. Palmisano v. News Syndicate Co., 130 F. Supp. 17 (S.D.N.Y. 1955); Patrick v. Esso Standard Oil Co., 156 F. Supp. 336 (D.N.J. 1957).
The former Supreme Court in Alpaugh construed the words "trespass done to the person or property" as encompassing torts generally (Ten Eyck v. Runk, 31 N.J.L. 428, 431 (Sup. Ct. 1866)) but only if involving physical injuries or, possibly, special damage claims. The present case parallels Alpaugh in that general damages, not special damages, are sought.
The holding in Alpaugh is by a court of like jurisdiction at nisi prius and need not be followed. Wolf v. Home Insurance Co., 100 N.J. Super. 27, 35 (Law Div. 1968), aff'd 103 N.J. Super. 357 (App. Div. 1968); 20 Am. Jur.2d, Courts, § 201 (1965). The result is repressive and out of keeping with the preferable trend outside New Jersey. Emmanuel v. Bovino, 26 Conn. Sup. 356, 223 A.2d 541 (Conn. Super. Ct. 1966); Brown v. Mack, 185 Misc. 368, 56 N.Y.S.2d *506 910, 914-915 (Sup. Ct. 1945); Prosser, Law of Torts (3 ed. 1964), at 923; Note, "Inadequacies of English and State Survival Legislation," 48 Harv. L. Rev. 1008 (1935); Evans, "A Comparative Study of the Statutory Survival of Tort Claims For and Against Executors and Administrators," 29 Mich. L. Rev. 969 (1931).
Dean Prosser has pressed the view that
* * * the modern trend is definitely toward the view that tort causes of action and liabilities are as fairly a part of the estate of either plaintiff or defendant as contract debts, and that the question is rather one of why a fortuitous event such as death should extinguish a valid action. Accordingly, survival statutes gradually are being extended; and it may be expected that ultimately all tort actions will survive to the same extent as those founded on contract. [Prosser, op. cit., at 923].
All tort actions abated at common law upon the death of a party. Ten Eyck v. Runk, 31 N.J.L. 428, 430 (Sup. Ct. 1866), Tichenor v. Hayes, 41 N.J.L. 193, 197 (Sup. Ct. 1879); Reilly v. Deans, 131 N.J. Eq. 547, 548 (Ch. 1942), Prosser, op. cit., at 920-921; 1 C.J.S. Abatement and Revival § 132, p. 178 (1936).
The survival statute abrogating the common law rule preserved a decedent's cause of action for trespass to person or property and a cause of action against a decedent for trespass to person or property without stated exceptions. To construe trespass to person as not encompassing libel or invasion of the right of privacy is to import a limitation into the survival statute which is not expressed. The term "trespass" in the statute is equated with "tort." It should not be modified by implication to exclude torts in which damages for emotional distress, not physical injury, are sought. Any such distinction is arbitrary. Damages for mental suffering and nervous anguish without physical injury were recoverable at common law in several causes of action arising out of trespass on the case, e.g., libel, slander, malicious prosecution and alienation of affections. Nor is there any logical basis for Justice Parker's dictum in Alpaugh that defamation actions *507 alleging special damages, that is, property or money losses, are within the survival statute, although defamation actions alleging general damages are not.
The survival statute is, therefore, construed to apply to the torts of libel and invasion of the right of privacy resulting in damage to reputation and emotional distress without special damages. Alpaugh is specifically not followed. The motion for summary judgment on the two counts brought by Mrs. Weller, now deceased, is denied.
In their briefs defendants and plaintiffs have argued in favor of and opposing a summary judgment on a cause of action by Mr. and Mrs. Semple for invasion of their right of privacy. No such cause of action may be fairly said to be framed in the complaint or pretrial order.
In any event, there is no recognized cause of action for invasion of a relational right of privacy, except in some factual circumstances when the relative is deceased at the time of the tort. Note, "Relational Right of Privacy," 21 Rutgers L. Rev. 74 (1966); Hanson, Libel and Related Torts, ¶ 265 at 212 (1969).
Finally, defendants contend that the count by the Semples sounding in libel should be struck down. They urge that the courts have disallowed as a matter of law vicarious defamation actions arising out of a defamation of a relative, absent special damage or damage to plaintiff's reputation by necessary implication, e.g., that her child is illegitimate. Prosser, op. cit., at 762; Hanson, op. cit., ¶ 35 at 35, ¶ 200 at 165-166; Pogany v. Chambers, 206 Misc. 933, 134 N.Y.S.2d 691 (Sup. Ct. 1954), aff'd 285 App. Div. 866, 137 N.Y.S.2d 828 (App. Div. 1955), app. den. 285 App. Div. 934, 139 N.Y.S. 2d 887 (App. Div. 1955); Rose v. Daily Mirror, Inc., 284 N.Y. 335, 31 N.E.2d 182 (Ct. App. 1940).
These authorities, apparently unimpeachable, are not governing. The theory of plaintiffs Semple is that they were libelled because the readers of defendant newspaper recognized the photograph of her mother, identified as a *508 charity patient, and considered that her daughter and son-in-law were derelict in their obligation to her and had defrauded defendant hospital by representing that they were impoverished themselves. Neither the intent to defame nor the naming of the plaintiff is a necessary element in an action for libel. Prosser, op. cit., at 767 and 790; Harper & James, The Law of Torts, § 5.7 at 366 (1956); Hanson, op. cit., ¶ 18 at 25; 3 Restatement, Torts, § 580 at 205 (1938).
Thus it appears that a fact question for the trier of fact would be raised if the proofs in their most favorable aspect would support findings that the relationship of plaintiffs Semple with decedent Mrs. Weller was known to an appreciable number of the readers of defendant newspaper and her identification as a charity patient reasonably understood by them as damaging plaintiffs' reputations.
The motion for summary judgment on the cause of action in libel by plaintiffs Semple is, therefore, likewise denied.