638 A.2d 1380

GARY MARTIN, PETITIONER–RESPONDENT, v. FREDERICK
AND DIANE POLLARD, RESPONDENTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 1, 1994—Decided March 28, 1994.

Before Judges BRODY, STERN and KEEFE.

*Michael P. O'Rourke* argued the cause for appellants (*Isaacson, Dougherty & Zirulnik,* attorneys).

*John J. Coyle Jr.* argued the cause for respondent (*James S. DeBosh,* on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

Respondents Frederick and Diane Pollard appeal from a judgment entered against them in the Division of Workers' Compensation holding that petitioner, Gary Martin, was an employee of the Pollards within the meaning of *N.J.S.A.* 34:15–36 when Martin fell from a roof while painting a home they owned.

The Pollards reside in North Brunswick, New Jersey. Mr. Pollard is retired. His wife operates a nursery/garden business. The Pollards own two houses on Fowl Rift Road in Belvedere, New Jersey. The house where Martin's accident occurred was rented by the Pollards to Donna Bartha, apparently on a month to month basis. Martin was Bartha's live-in companion.

The other house owned by the Pollards on Fowl Rift Road is a summer cottage. It is apparently rented by the Pollards on a seasonal basis. In June 1991, Mr. Pollard engaged Martin to paint the exterior of the summer cottage. The arrangement was that Martin would keep track of his hours, and Pollard would pay him at the rate of $10.00 per hour when the job was done. Pollard provided all of the material except for the ladder. Martin testified that he was doing the job in his "spare time" after his "regular work."

Approximately a month before the accident, Pollard engaged Martin to apply a water seal product to the exterior of the house Bartha was renting in order to prevent further water damage to the cedar siding. Pollard agreed to pay Martin at the rate of $10.00 per hour. Martin was to keep track of his hours and receive payment at the end of the job. There was no schedule or timetable established for the job. However, on this occasion Pollard supplied only the water seal while Martin supplied the brushes, ladder and related materials. Martin testified that Pollard gave him no instructions concerning the work because

he [Pollard] didn't know anything about it. He just knew it needed to be done.

When asked whether Pollard had any discussions with Martin concerning mildew on the house, Martin stated that he had pointed the problem out to Pollard, whereupon Pollard "agreed he wanted to protect his house because he plans on moving in there someday."

When Martin began this second job for Pollard he was working full time for Bartha, who had an industrial, commercial and residential cleaning service. His work applying the water seal was sporadic because of either weather conditions, or because he was working with Bartha in the cleaning business. The accident in question occurred when he apparently lost his footing applying the water seal and fell from the roof sustaining a fractured femur. By the time the accident happened, he had put in approximately 14 hours over a period of one week. Had the accident not

occurred, Martin said he would have finished the job "when Donna could give [him] time off" from the cleaning business.

According to Martin's testimony, the painting jobs were the only two jobs that Pollard had engaged him to perform for pay. Any other work performed by Martin around the house such as cutting the lawn, raking leaves, cleaning out the gutters, etc., were a part of his contribution toward his share of the living expenses. (Carrying out general maintenance duties was a part of Bartha's undertaking in her rental agreement with the Pollards.)

At trial, the Pollards contended that Martin was not an employee within the meaning of the Workers' Compensation Act. Specifically, the Pollards relied upon this court's decision in *Berkeyheiser v. Woolf*, 71 *N.J.Super.* 171, 176 *A.*2d 497 (App.Div.1961), in arguing that Martin was either a casual employee or an independent contractor. In either case, Martin would not be entitled to compensation benefits. *Ibid.*

The Workers' Compensation judge disagreed with the Pollards' position. He found that Martin was not an independent contractor either under the right of control test or under the relative nature of the work test.[1] In the context of casual employment, *N.J.S.A.* 34:15–36, the judge found that the Pollards were "in the business of renting properties[.] ..."[2] He further determined that Martin was rendering services "in connection with the employer's business" at the time of the accident and that the services were neither provided by "chance" nor "purely acci-

---

[1] To the extent that the Worker's Compensation judge held that the Pollards had not raised this issue, we disagree. By relying upon *Berkeyheiser, supra,* the Pollards necessarily raised the issue of Martin's status as an independent contractor as an alternative to a finding of casual employment.

[2] A person is a casual employee if the services rendered are in connection with the employer's business and arise by chance or accident. A more restrictive definition of casual employment is applied where the engagement is not in connection with the employer's business. In such cases casual employment exists if the undertaking is not "regular, periodic or recurring." *N.J.S.A.* 34:15–36.

dental." The judge distinguished *Berkeyheiser, supra,* by noting that the "employment services [rendered in that case] were not in connection with any business of the employer." Thus, he interpreted this court's decision in *Berkeyheiser* as turning on a finding that the services rendered there were not "regular, periodic or recurring" within the contemplation of *N.J.S.A.* 34:15–36.

On appeal, the Pollards contend that the trial judge misapplied the facts and misconstrued the case law on the subject. We are constrained to agree.

Casual employees are excluded from receiving compensation benefits under *N.J.S.A.* 34:15–36. Independent contractors are also excluded. *Berkeyheiser, supra,* 71 *N.J.Super.* at 175, 176 *A.*2d 497. "Overlapping between casual employees and independent contractors is common, and it is not unusual that a petitioner falls into either or both unprotected classes." *Id.* at 176, 176 *A.*2d 497. Often the line between the two is so obscure that there is no benefit in placing a label on the precise nature of the petitioner's status. Rather, the focal inquiry is whether the petitioner "qualifies as a member of the protected group of workmen within the fair meaning of the statute," or the unprotected class. *Ibid.*

Specifically, the *Berkeyheiser* court found that under any interpretation of the facts, petitioner was not entitled to workers' compensation benefits because he was either a casual employee or an independent contractor. In that case, respondent was the owner of a row of five or six remodeled residential buildings in Trenton which she apparently rented to others. Over a period of time, Berkeyheiser performed odd jobs for the respondent in several of the buildings. Respondent would provide the necessary materials used in the work, or Berkeyheiser would purchase them at a store and charge them to respondent's account. Berkeyheiser used his own tools to perform the jobs, and would keep track of his hours. Respondent paid him at an hourly rate at the end of the job.

At the time of the accident, Berkeyheiser was employed full time as a pipe fitter. He did not hold himself out to the public as being available for performing any particular type of repair work. On the date of the accident, he was engaged by respondent to install an electric outlet for a refrigerator in respondent's apartment. He was electrocuted during the process.

Berkeyheiser lost his claim for compensation in the Workers' Compensation court and in the county court. On appeal to us, he contended that he was not an independent contractor, and that the work performed by him was essential to the maintenance and operation of respondent's business enterprise, requiring that he be deemed an employee of respondent.

The *Berkeyheiser* court never addressed the question of whether the petitioner's services were in connection with the respondent's business. Nor did it specifically decide that Berkeyheiser was a casual employee. Thus, contrary to the Workers' Compensation judge's holding in this case, the decision did not turn on a finding that Berkeyheiser was a casual employee because his employment was not "regular, periodic or recurring" within the terms of the statute. Rather, the case turned upon the court's finding that

> [t]he present plaintiff had a regular and permanent full-time job elsewhere at a substantial salary. He had no expectation of regular and steady employment by the respondent. The odd jobs he did for respondent occurred at irregular and isolated occasions and only when the need arose. Petitioner did not perform the repairs on a regular schedule, but he himself chose the times when he would appear to make the repairs.

[*Id.* 71 *N.J.Super.* at 177, 176 A.2d 497.]

Those findings resulted in a determination that Berkeyheiser was either a casual employee or an independent contractor. The precise label did not matter, because under either scenario Berkeyheiser was not entitled to compensation benefits. *Ibid.*

As in *Berkeyheiser*, we need not struggle with the difficult issue of whether Martin's services were rendered in connection with a business pursuit of the Pollards and were, thus, only rendered by

"chance" or "purely accidental;" or, if not in connection with any business of the employer, as employment not "regular, periodic or recurring[.]" *N.J.S.A.* 34:15–36.[3] If Martin is an independent contractor, he is not entitled to Workers' Compensation benefits.

We conclude from the facts of this case that Martin was an independent contractor either under the control test or relative nature of the work test. *See Marcus v. Eastern Agricultural Ass'n, Inc.,* 58 *N.J.Super.* 584, 596, 157 *A.2d* 3 (App.Div.1959) (Conford, J.A.D., dissenting), *reversed on dissent,* 32 *N.J.* 460, 161 *A.2d* 247 (1960). Assuming that the Pollards were in the business of being landlords, it cannot be said that having one of their houses painted is any more "integral" to their business than it would be to have a pipe fixed by calling a plumber. *Id.* at 604, 157 *A.2d* 3 (Conford, J.A.D., dissenting). Moreover, Martin had a regular and permanent full time job with Bartha in her cleaning service. Although he did not receive a salary as such, the manner in which he chose to receive remuneration for his efforts in that regard was entirely of his choice. Martin had been engaged by the Pollards on only one prior occasion and had no expectation of regular or steady employment with them. Clearly, his engagement to do odd jobs was irregular and occurred only on isolated occasions. Further, he chose the time when he would perform the work and the manner in which it would be accomplished. Thus, Martin was not economically dependent on the Pollards. *Id.* at 603–04, 157 *A.2d* 3 (Conford, J.A.D., dissenting). The Pollards exercised absolutely no supervisory control over the work. In this case, Martin was to be paid by the hour but he was not to be paid

---

[3] However, we note in passing the case of *Clausen v. Dinnebeil,* 125 *N.J.L.* 223, 225, 15 *A.2d* 205 (Sup.Ct.1940), where the court held that an owner of six rent producing houses which served as the respondent's source of income was not a business within the context of *N.J.S.A.* 34:15–36. That opinion was cited in *Berkeyheiser, supra,* 71 *N.J.Super.* at 175, 176 *A.2d* 497 without criticism, even though the decision in *Clausen* was not binding on the *Berkeyheiser* court. *See Weller v. Home News Publishing Co.,* 112 *N.J.Super.* 502, 505, 271 *A.2d* 738 (Law Div.1970) (holding that the former Supreme Court had essentially the same jurisdiction as the Law Division).

until the end of the job. "[P]ayment by the hour is not inconsistent with the status of independent contractor." *Petrone v. Kennedy,* 75 *N.J.Super.* 295, 304, 183 *A.*2d 124 (App.Div.), *certif. denied,* 38 *N.J.* 312, 184 *A.*2d 423 (1962). Nor is the fact that Martin did not hold himself out as a painting contractor. *Berkeyheiser, supra,* 71 *N.J.Super.* at 176–77, 176 *A.*2d 497.

The judgment under review is reversed.